Jokova JAMES, Plaintiff,

v.

Lee ROBERTS, et al., Defendants.

No. C–1–94–212.

United States District Court,
S.D. Ohio,
Western Division.

June 13, 1995.

---

Alphonse Adam Gerhardstein, Cincinnati, OH, Sarah Poston, Cincinnati, OH, for plaintiff.

Todd Robert Marti, Cordelia Arretta Glenn, Miltina A. Hicks, Ohio Attorney General, Columbus, OH, for defendants.

Todd Robert Marti, Miltina A. Hicks, Ohio Attorney General, Columbus, OH, for Guard Craft.

*ORDER*

SPIEGEL, Senior District Judge.

This matter is before the Court on the Plaintiff's Objections to the Magistrate Judge's Order (doc. 29), and the Defendants' Response (doc. 32). The Plaintiff has also filed an objection to the Magistrate Judge's denial of a joint motion to extend discovery (doc. 33), which is now MOOT. At the conference on June 7, 1995, we extended the discovery deadline to August 1, 1995.

**BACKGROUND**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (hereinafter "SOCF") filed this civil rights action alleging that the Defendants, corrections officers, beat him and threw him down a set of stairs on November 23, 1993. The Defendants deny the allegations.

In the near future, Plaintiff's counsel intends to depose the Defendants at SOCF. The Plaintiff moved to compel his presence at these depositions, and the Magistrate Judge denied his motion. The Plaintiff now objects to the Magistrate Judge's order and requests this Court to grant him access to the depositions.

**Standard of Review**

Upon review, we may set aside or modify a magistrate judge's ruling on a non-dispositive matter only if we find such ruling was clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

**Discussion**

The Plaintiff contends that the Magistrate Judge's decision is both clearly erroneous and contrary to established law. Under Federal Rule of Civil Procedure 26(c)(5), a court may designate who is allowed to attend a deposition where good cause is shown. *See also* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2041 (1994) (Courts can exclude parties from being present at depositions where extraordinary circumstances exist.).

■ The Magistrate Judge found that prison officials could exclude prisoners from depositions, because prisons include inherent safety risks. We agree with the Magistrate Judge that prisons must be secure. We also believe, however, that a judge must make a particularized finding that the safety concerns of the prison outweigh the individual prisoner's right to attend a deposition.[1] In

---

1. While lawful incarceration brings about withdrawal or limitation of many privileges and rights, it does not mean that prisoners automatically shed their rights at the prison gates.

other words, a judge must determine whether a security risk exists on a case-by-case basis. The Magistrate Judge failed to make particularized findings in this case, and therefore, we reverse.

■ When determining whether to grant a party's motion to exclude a prisoner from the deposition, a judge should consider where the deposition will take place, the security needs in transporting the prisoner, the importance of the person being deposed, and the prisoner's security history. *Holt v. Pitts,* 619 F.2d 558, 561 (6th Cir.1980) (holding district court should attempt to make meaningful accommodations to inmate during trial proceedings) [2]; *see also Collins v. Francis,* 728 F.2d 1322, 1345 (11th Cir.1984) (considering similar factors). In this case, these factors weigh in favor of granting the Plaintiff access to the deposition.

First, the deposition will take place at SOCF, where the prisoner is located. Therefore, no security concerns exist with transporting the prisoner. Second, this case is a swearing contest, and it is imperative that the Plaintiff be able to aid his attorneys in questioning the Defendants. Finally, the Defendants have not shown that this particular prisoner will pose a security threat. The Defendants submitted two prison officials' affidavits, which state that having any prisoner at a deposition would be a security risk. They, however, did not say that Mr. Jones is a security risk. Additionally, we feel confident that the prison can handle the prisoner, as it does at Rule Infraction Board hearings, at parole hearings and on visitation days. Additionally, if the prisoner misbehaves, the prison officials can immediately return him to his cell and terminate the deposition. We

believe that such a sanction will keep the prisoner from acting improperly. Moreover, his attorney is a well recognized advocate who is capable of controlling his client.

While we recognize and sympathize with the State's heavy burden of running a penal institution, a blanket policy forbidding prisoners to attend depositions is improper. Accordingly, we hereby REVERSE the Magistrate Judge's decision, and ORDER that the Plaintiff be allowed to attend the Defendants' depositions.[3]

SO ORDERED.

---

Courts must engage in some particularized analysis to determine when it should restrict a prisoner's right to attend a deposition. The fact that a prisoner is involved does not excuse a court from engaging in the analysis, but rather changes the factors the Court must consider. *Cf. Holt v. Pitts,* 619 F.2d 558, 561 (6th Cir.1980).

2. In *Holt,* the Sixth Circuit considered whether a prisoner from California should be allowed to attend a hearing in Tennessee. *Id.* at 560. The Sixth Circuit looked to several factors including the cost and security in transporting the prisoner. *Id.* at 561. The Sixth Circuit also recognized

that district courts do not need to make the same level of accommodation for prisoners at the pretrial phase of court proceedings as they do at the actual trial. *Id.* at 561–62.

3. This ruling, however, does not prevent the State from presenting the Court with evidence that the Plaintiff is a security risk and should not be allowed to attend the depositions. At this time, however, the State has not presented evidence that the Plaintiff is a security risk. Therefore, we must allow the Plaintiff to aid his attorneys in taking the Defendants' depositions.