## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

FILED

**April 6, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

_____

|  |  |
|---|---|
| **RAY DARRIS THOMPSON**, | ) |
| | ) |
| Plaintiff/Appellant. | ) |
| | ) |
| VS. | ) |
| | ) |
| **BETTY HAMMOND, et al**, | ) |
| | ) |
| Defendants/Appellees. | ) |
| | ) |

Shelby County Circuit Court
No. 57627 T.D.

C.A. No. 02A01-9808-CV-00221

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable Robert L. Childers, Judge**


**Ray Darris Thompson**, Pro Se


**Paul G. Summers**, Attorney General and Reporter
**Michael E. Moore**, Solicitor General
**Abigail Turner**, Assistant Attorney General
Attorneys for Defendants/Appellees.



OPINION FILED:

**REVERSED AND REMANDED**


**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

Plaintiff Ray Darris Thompson appeals the trial court's final order entering summary judgment in favor of Defendants/Appellees Betty Hammond, Vernon Brown, June Wesson, Bruce MacDonald, and Christine Bradley. We reverse the trial court's judgment based on our conclusion that the trial court erred in granting the Defendants' motion for summary judgment without considering Thompson's motion to compel discovery.

Thompson is an inmate of the Tennessee Department of Correction (DOC). The Defendants are DOC employees and officials. In November 1993, Thompson filed a complaint against the Defendants, in both their official and individual capacities, in which he asserted that the Defendants, in conducting disciplinary proceedings against Thompson, negligently violated DOC's administrative policies and procedures and deprived Thompson of certain state law rights.

Instead of answering Thompson's complaint, the Defendants filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to rule 12.02(1) of the Tennessee Rules of Civil Procedure. Thereafter, Thompson moved to voluntarily dismiss his claims against the Defendants in their official capacities pursuant to rule 41.01(1). In two separate orders entered on March 18, 1994, the trial court (1) refused to allow Thompson to voluntarily dismiss his official-capacity claims against the Defendants and (2) granted the Defendants' motion to dismiss, apparently on the asserted ground of lack of subject-matter jurisdiction.

On appeal, this court reversed both of the trial court's orders. *Thompson v. Hammond*, No. 02A01-9405-CV-00119, 1994 WL 709018 (Tenn. App. Dec. 22, 1994) (memorandum opinion). We first held that the trial court erred in ruling that Thompson could not take a voluntary nonsuit as to his official-capacity claims while the Defendants' motion to dismiss was pending. *Id*., at *2. We then observed that Thompson's complaint, although unartfully drafted, asserted "causes of action sounding in tort against defendants individually, outside the scope of their state employment." *Id*. Reasoning that the circuit court was the appropriate forum for negligence claims against private individuals, we concluded that the trial court also erred in dismissing Thompson's complaint on the basis of lack of subject-matter jurisdiction. *Id*.

After this case was remanded to the trial court, Thompson filed a request for

production of documents in which he requested that the Defendants produce certain DOC documents within thirty days. When the Defendants neither produced the requested documents nor objected to Thompson's discovery request, Thompson filed a motion seeking to compel the Defendants to produce the documents.

The Defendants still did not produce the requested documents. In May 1996, the Defendants filed a motion for summary judgment based upon Tennessee Code Annotated section 9-8-307(h), which provides that state officers and employees "are absolutely immune from liability for acts or omissions within the scope of [their] office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain." T.C.A. § 9-8-307(h) (Supp. 1993). In support of their motion, all of the Defendants filed affidavits in which they asserted that, in participating in Thompson's disciplinary proceedings, they were acting within the scope of their employment as DOC employees and officials. The Defendants also filed a motion to stay discovery in which they argued that, "in light of the fact that the defendants have argued in their motion for summary judgment that they are absolutely immune from liability in this action pursuant to T.C.A. § 9-8-307(h), it would not serve the interests of judicial economy and fairness to allow [Thompson] to barrage the defendants with discovery requests." In connection with their motion to stay, the Defendants raised the following objection to Thompson's discovery request:

> [Thompson] has submitted requests for production of documents to the defendants seeking the production of approximately eighty-seven (87) separate items or categories of items. Counsel for defendants would submit that [Thompson's] discovery requests in this regard are unduly burdensome, overly broad, irrelevant and not reasonably calculated to lead to discoverable matters in light of the allegations contained in [Thompson's] complaint.

Prior to the scheduled hearing on the Defendants' motion for summary judgment, Thompson filed a motion for extension of time in which he requested an extension of thirty additional days in which to submit his response to the Defendants' summary judgment motion. The motion for extension, which was signed by Thompson, contained the following assertions:

> 1. That [Thompson has] pending before the Court a Motion to Compel Discovery, that the Court [has] not ruled on, and

the documents, interrogatories and admissions[1] sought are relevant to [Thompson's] response to the defendants' motion for summary judgment.

    2.    That [Thompson] is entitled to discovery to refute the defendants' allegations in their Motion for Summary Judgment and to aid in his response to the defendants' motion.

For reasons which are not clear from the record, Thompson's lawsuit languished for another two years without further activity. On July 9, 1998, the Defendants renewed their motion for summary judgment and scheduled their motion to be heard by the trial court without oral argument on Friday, July 17, 1998. On the day of the scheduled hearing, Thompson filed a response to the Defendants' motion for summary judgment. In his response, Thompson renewed his demand for discovery, and he contended that the trial court should not grant the Defendants' summary judgment motion while Thompson's motion to compel production was still pending. Thompson's response explained that he was seeking discovery

in order that he may amend his complaint, cure any deficiencies in his complaint and present evidence and documentation that will defeat the defendants['] claims that the acts complained of [were] within the scope of their employment. [Thompson] submits that the documents sought through discovery would clearly establish that the defendants engaged in unauthorized punishment of [Thompson]; that the defendants are not immune from liability, and [would] clearly [show] that the defendants acted willfully, maliciously and criminally so that their conduct was outside the scope of their employment.

On July 21, 1998, the trial court entered an order granting the Defendants' motion for summary judgment and dismissing Thompson's complaint based upon section 9-8-307(h)'s grant of immunity. In support of its dismissal, the trial court ruled that

    1.    Throughout the complaint [Thompson] alleges that the Defendants were guilty of negligent acts. [Thompson] further alleges that Defendants were, at all times pertinent, employees of the state of Tennessee. Pursuant to T.C.A. [section] 9-8-307(h) state officers and employees are absolutely immune from liability [for] acts or omissions done within the scope of their employment or office, except for willful, malicious, or criminal acts or omissions, or for acts or omissions done for personal gain. Each Defendant has filed an affidavit stating that each Defendant was acting within his or her

---

[1]Although the record included Thompson's request for production of documents, it did not contain interrogatories or a request for admissions.

official capacity and within the scope of [his or her] state employment. [Thompson] has filed no countervailing affidavit.

2.    The Court finds as a matter of law that [Thompson] cannot maintain an action against these Defendants in their individual capacities because they are absolutely immune from liability for negligent acts within the scope of their employment or office under Tennessee law.

The trial court's order did not address Thompson's request for discovery or motion to compel.

On appeal from the trial court's final judgment, Thompson contends that the trial court erred in granting the Defendants' motion for summary judgment without first providing Thompson the opportunity to conduct limited discovery. Thompson also contends that the trial court erred in granting the Defendants' summary judgment motion based upon the affirmative defense of absolute immunity when the Defendants failed to file an answer raising this defense.

We agree that the preferred method for the Defendants to raise the affirmative defense of immunity was to file an answer setting forth the facts supporting such a defense. *See Payne v. Breuer*, 891 S.W.2d 200, 202 (Tenn. 1994); *Dunbar v. Strimas*, 632 S.W.2d 558, 561 (Tenn. App. 1981); *see also Steed Realty v. Oveisi*, 823 S.W.2d 195, 197 (Tenn. App. 1991); *Thompson, Breeding, Dunn, Creswell & Sparks v. Bowlin*, 765 S.W.2d 743, 744 (Tenn. App. 1987); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. App. 1977); *Cook v. Board of Educ.*, 1990 WL 139417, at *1 (Tenn. App. Sept. 27, 1990), *perm. app. denied* (Tenn. Feb. 4, 1991), *cert. denied*, 501 U.S. 1257 (1991); T.R.C.P. 8.03. Nevertheless, this court previously has approved the practice of presenting an affirmative defense by way of a motion for summary judgment. *See Usrey*, 553 S.W.2d at 614; *Cook*, 1990 WL 139417, at *2; *see also Creed v. Valentine*, 967 S.W.2d 325, 327 (Tenn. App. 1997). In such cases, the court gives effect to the pleading's substance, rather than to its form, and treats the pleading as both an answer raising the affirmative defense and as a motion for summary judgment. *Usrey*, 553 S.W.2d at 614; *Cook*, 1990 WL 139417, at *2. In the present case, we likewise elect to treat the Defendants' motion for summary judgment as both an answer raising the affirmative defense of immunity and as a summary judgment motion, and we decline to reverse the trial court's judgment based upon any irregularity in the manner in which the Defendants raised the defense of immunity.

In our view, the more serious procedural irregularity in this case was the trial court's failure to address Thompson's persistent requests for discovery, including his motion to compel. In this regard, we believe that the disposition of this appeal is controlled by this court's decision in *Bradfield v. Dotson*, No. 02A01-9707-CV-00152, 1998 WL 63521 (Tenn. App. Feb. 17, 1998). In that case, Bradfield filed a *pro se* complaint for defamation against two state employees, including a probation officer and an associate warden. *Bradfield*, 1998 WL 63521, at *1. Shortly after filing his lawsuit, Bradfield also filed interrogatories and a request for production of documents. *Id*., at *2.

The defendants did not respond to Bradfield's discovery requests, but they filed a motion for summary judgment in which they contended that the trial court lacked subject-matter jurisdiction over the lawsuit. *Bradfield*, 1998 WL 63521, at *1. The defendants relied upon Tennessee Code Annotated section 9-8-307(a)(1)(R), which provides that the Tennessee Claims Commission retains exclusive jurisdiction to determine claims for "libel and/or slander where a state employee is determined to be acting within the scope of employment." T.C.A. § 9-8-307(a)(1)(R) (Supp. 1995). In support of this defense, both defendants filed affidavits in which they averred (1) that Bradfield's complaint concerned a pre-sentence report prepared and submitted by the defendants for use at Bradfield's sentencing hearing and (2) that the defendants were acting "in the course and scope" of their state employment when they provided the allegedly defamatory information contained in the report. *Bradfield*, 1998 WL 63521, at *1.

After the defendants filed their motion for summary judgment, Bradfield filed an affidavit stating that the defendants had failed to comply with his discovery requests. *Bradfield*, 1998 WL 63521, at *2. Despite this affidavit, the trial court granted the defendants' motion for summary judgment and dismissed Bradfield's complaint. *Id*.

Holding that the trial court erred in granting the defendants' motion for summary judgment over Bradfield's objection that the defendants had not responded to his discovery requests, this court reversed the trial court's judgment. *Bradfield*, 1998 WL 63521, at **3-4. We reasoned that Bradfield's affidavit asserting that the defendants failed to comply with his discovery requests was, in effect, a motion to compel discovery under rule 37.01 of the Tennessee Rules of Civil

Procedure.  *Id*., at *2.  We then explained:

> The United States Supreme Court has held that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  *Price v. Johnston*, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356 (1948).  The inmate's interest in pursuing his lawsuit must be weighed against the institutional concerns of the prisons.  *See Wolff v. McDonnell*, 418 U.S. 539, 567-69, 94 S. Ct. 2963, 2980-81, 41 L. Ed. [2d] 935 (1974).

> In *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975),[2] the Tennessee Supreme Court discussed a prisoner's right to pursue civil litigation:

>> We . . . hold that a prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a *qualified* and *restricted* right.

> *Id*. at 153 (emphasis added).  The *Whisnant* Court noted the danger of courts and wardens being "swamped with an endless number of unnecessary and even spurious lawsuits."  *Id*. (quoting *Tabor v. Hardwick*, 224 F.2d 526 (5th Cir. 1955).

> A prisoner pursuing a civil lawsuit may conduct discovery, but the discovery is subject to appropriate limitations imposed by the trial court.  The scope of discovery is within the "sound discretion of the trial court."  *State, Dept. of Commerce & Ins. v. Firsttrust Money Services, Inc.*, 931 S.W.2d 226, 230 (Tenn. App. 1996); *Loveall v. American Honda Motor Co.*, 694 S.W.2d 937, 939 (Tenn. 1985).  In *Bell v. Godinez*, 92 C 8447, 1995 WL 519970 (N.D. Ill. Aug. 30, 1995), an Ohio district court considered a discovery request by a *pro se* inmate plaintiff to conduct oral depositions of prison officials.  The court held:

>> No doubt a prisoner has the right to take discovery, but that right does not necessarily include conducting oral depositions of prison officials if there are compelling reasons weighing against such depositions and if the prisoner is able to obtain the necessary information by written discovery.

> *Id*. at *2.  The court found that the prisoner was able to obtain the discovery he needed through "other, less problematic means" that were not "highly disruptive of prison administration."  *Id*.; *see also James v. Roberts*, 163 F.R.D. 260, 261-62 (S.D. Ohio 1995) (weighing an inmate's rights against prison administrative concerns); *Holt v. Pitts*, 619 F.2d 558, 560-62 (6th Cir. 1980) (same).

> We find that it was inappropriate for the trial court to grant the defendants' motion for summary judgment without considering the Plaintiff's request that the trial court compel the defendants to respond

---

[2]After we released our decision in *Bradfield*, the supreme court overruled *Whisnant* to the extent that its holding could be interpreted as mandating an automatic stay in civil actions filed by inmates.  *Sanjines v. Ortwein & Assocs.*, 984 S.W.2d 907, 911 n.7 (Tenn. 1998).

to his discovery requests. In determining the discovery to which the plaintiff may be entitled, the trial court may limit the discovery to that which is pertinent to the Defendant's motion for summary judgment, and may weigh the plaintiff's interests against the institutional concerns of the Correctional Facility. The trial court has wide discretion to fashion appropriate limitations on the scope and manner of the discovery in this case.

. . . The trial court's grant of summary judgment in favor of the defendants is reversed. The cause is remanded for the trial court's consideration of the plaintiff's motion to compel discovery, and the trial court has discretion to place appropriate limits on the discovery permitted.

*Bradfield*, 1998 WL 63521, at **2-4 (footnote added); *accord Luther v. Compton*, No. 02A01-9710-CV-00253, 1998 WL 117296 (Tenn. App. Mar. 17, 1998) (memorandum opinion), *perm. app. granted* (Tenn. Sept. 28, 1998); *see also Shaw v. Donnell*, 1988 WL 74650 (Tenn. App. July 22, 1988) (holding that, in legal malpractice action filed by *pro se* inmate against his former attorney, trial court erred in granting defendant's motion for summary judgment without acting on plaintiff's pending discovery motions, which included motion for production of documents and motion to compel production).

In the present case, the trial court's order of summary judgment failed to indicate that the court ruled on or even considered Thompson's motion to compel discovery prior to granting the Defendants' motion for summary judgment. Based upon our analysis in *Bradfield*, we conclude that it was inappropriate for the trial court to grant the Defendants' motion for summary judgment without first considering Thompson's motion to compel discovery. Accordingly, we reverse the trial court's judgment and remand for the trial court's consideration of Thompson's motion.

As we did in *Bradfield*, we stress that the trial court "has wide discretion to fashion appropriate limitations on the scope and manner of the discovery in this case." *Bradfield*, 1998 WL 63521, at *3. In determining the discovery to which Thompson may be entitled on remand, the trial court may limit the discovery to that which is pertinent to the issues raised by the Defendants' motion for summary judgment. These issues include whether the Defendants were acting within the scope of their office or employment, as well as whether the Defendants' actions were willful, malicious, criminal, or taken for personal gain. *See Williams v. Shelby County Health Care Corp.*, 803 F. Supp. 1306, 1310-11 (W.D. Tenn. 1992). Moreover, in determining the discovery to which

Thompson may be entitled, the trial court may weigh Thompson's interest in pursuing this lawsuit against the institutional concerns of the correctional facility where he is incarcerated.

The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Defendants, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)