Douglas V. WHISNANT, Appellant,

v.

Ortha BYRD et al., Appellees.

Supreme Court of Tennessee.

June 30, 1975.

Douglas V. Whisnant, pro se.

Roy D. Sexton, Oneida, for appellees.

OPINION

HENRY, Justice.

Appellant, a prisoner confined in the Tennessee State Penitentiary pursuant to a conviction of armed robbery, filed his pro se complaint in the Circuit Court at Huntsville

seeking to recover "one (1) colored, 5″ x 7″ picture of the former Miss Audra Byrd, when she was approximately thirteen (13) years old and in the seventh (7th) grade," and for the sum of $10,000.00 damages "for intense worry, grief and mental pain, caused by the defendants false dealing". After various and sundry motions were filed by plaintiff, the trial judge entered an order reciting "that in view of the fact that the plaintiff is presently incarcerated in the state penitentiary, that this case should be continued from term to term until the release of the plaintiff from prison."

■ Appellant filed his "notice of appeal" but did not perfect his appeal by taking and subscribing to the oath prescribed for poor persons or by making bond for the costs. Technically speaking, this case is not properly before the Court. However, since we deal with a prisoner who is not represented by counsel and who is obviously a pauper, we take jurisdiction for the special and limited purpose of determining the correctness of the action of the trial judge in continuing this lawsuit until the expiration of the plaintiff's period of confinement.

At the common law, a person convicted of a felony was said to be civilly dead; could perform no legal functions; and did not have the capacity to sue. As Lord Coke phrased it:

> Besides men attainted in a praemunire every person that is attainted of high treason, petit treason, or felony is disabled to bring any action, for he is extra legum positus, and is accounted in law civiliter mortuus. 1 Co. Litt. Sec. 199.

This rule of the common law however, does not obtain in this jurisdiction. Art 1, Sec. 12, of the Constitution of Tennessee provides, in part, "that no conviction shall work corruption of blood or forfeiture of estate".

Art. 1, Section 17 provides, in part, "And every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law".

These constitutional provisions constitute clear and unequivocal declarations of the public policy of this State to the effect that no forfeiture of property rights shall follow conviction for a crime, and that every man shall have a remedy by due course of law for an injury sustained by him.

That the public policy of this State opposes forfeitures for conviction of crime is well established. *Fields v. Met. Life Ins. Co.*, 147 Tenn. 464, 249 S.W.2d 798 (1922).

■ We, therefore, hold that a prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a qualified and restricted right.

We quote with approval the following language from *Tabor v. Hardwick*, 224 F.2d 526 (5th Cir. 1955):

> (W)e think that the principle of the cases [relating to restraint of personal liberty] should not be extended to give them an absolute and unrestricted right to file any civil action they may desire. Otherwise, penitentiary wardens and the courts might be swamped with an endless number of unnecessary and even spurious lawsuits filed by inmates in remote jurisdictions in the hope of obtaining leave to appear at the hearing of any such case, with the consequent disruption of prison routine and concomitant hazard of escape from custody. As a matter of necessity, however regrettable the rule may be, it is well settled that, "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356. 224 F.2d at 529.

We further quote with approval the following language from *Seybold v. Milwaukee County Sheriff*, 276 F.Supp. 484 (E.D. Wis.1967):

> Regardless of the merit of the causes of action stated in their complaints, it must be remembered that the prisoner-plaintiffs have, by their own acts resulting in conviction, placed themselves in a position such that effective prosecution by themselves is not possible without interference by the court with their detention, and it is our opinion that absent unusual circumstances that interference is not warranted. In other words, their unavailability for hearings and trials is due to their convictions, and although the court believes that they should not therefore lose their rights of action by operation of a statute of limitations, we know of no authority compelling us under ordinary circumstances to deliver them from their self-caused restrictions and proceed with their cases as though they could appear at will. 276 F.Supp. at 488.

We note that Sec. 41–604 T.C.A. provides that "in no civil case can a convict be removed from the penitentiary to give personal attendance at court, but his testimony may be taken by deposition, as in other cases . . . .".

The ensuing section provides for depositions in criminal cases and Sec. 41–606 T.C.A. authorizes the presiding judge of any court to order the warden of the penitentiary to bring a convict before the court to give testimony for the state in criminal cases, and the next section makes it the duty of the warden to produce the convict witness. There are no such provisions in our law relating to civil suits.

■ We hold that, absent unusual circumstances, prisoners who have filed their civil complaints, unrelated to the legality of their convictions and who have thus protected themselves against the running of any statute of limitations, will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead such matters will be held in abeyance until the prisoner shall have been released from prison and is in a position to prepare and present his case. We hold that in a proper case, and upon a proper showing of particularized need, the trial judge, in his discretion, may issue an appropriate directive requiring the attendance of the prisoner.

■ In the case at bar plaintiff's complaint has been filed and the statute of limitations has been tolled. His right of action is protected. In our opinion the record does not disclose any need for immediate attention and certainly the trial judge would have been remiss had he disposed of the case in the absence of the plaintiff, and even more so had he attempted to order his presence at trial with the accompanying expense, hazard to the public, and interference with prison officials.

We will not brand plaintiff's cause of action as frivolous, but on its face an action in detinue seeking to recover a 5 x 7 snapshot is somewhat less than substantial, involving as it does a likeness of a thirteen year old girl who has since become the wife of another man. The ad damnum is somewhat less than realistic and contributes nothing of substance to this action.

The trial judge treated plaintiff-convict with charitable consideration and his action is affirmed.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.