IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2000

## BRENDA REESE v. RICKIE D. REESE

**Appeal from the Chancery Court for Bedford County**
**No. 20,374     Tyrus H. Cobb, Chancellor**

---

**No. M1999-02429-COA-R3-CV - Filed April 2, 2001**

---

The defendant, an incarcerated felon, appeals the action of the Chancellor in granting a divorce to his wife and settling all property rights between the parties. We affirm the judgment of the Chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

William B. Cain, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Rickie D. Reese, Clifton, Tennessee, Pro Se.

Andrew Jackson Dearing, Shelbyville, Tennessee, for the appellee, Brenda Reese.

## OPINION

On January 3, 1996, Brenda Reese filed suit for divorce in the Chancery Court of Bedford County, Tennessee against her husband, Rickie D. Reese. It was alleged in paragraphs 1-3 of the Complaint that the parties were married on November 27, 1976, separated in December 1993, and that the only child of the parties was, at the time of the filing of the Complaint, over the age of 18 years. Further, in paragraph 3 of the Complaint it is alleged "that the defendant is incarcerated in the Department of Corrections in Clifton, Tennessee serving a 15 year sentence."

The Complaint prayed for a divorce and settlement of all property rights.

On February 14, 1996, the defendant filed Defendant's Motion in Contest and Opposition to Plaintiff's Complaint for Divorce. In this pleading, the defendant agrees with the plaintiff's statement of facts in paragraphs 1-3 of her Complaint reciting "[t]hat there is no disputed facts therein."

Further, in this pleading the defendant denied all grounds for divorce and asserted that the plaintiff had agreed to stay married to him throughout the time of his incarceration.

On February 14,1996, the defendant filed a motion to be heard in the case by way of written interrogatories asserting that he was incarcerated and could not be personally present for a divorce hearing. He thus asked "[t]hat the Court GRANT the defendant's motion to proceed byway of written interrogatories in lieu of his personal appearance before this Court."

A proposed Marital Dissolution Agreement signed by the defendant Rickie D. Reese but not by the plaintiff Brenda Reese was filed with the court on February 14, 1996.

On March 13, 1996, the appellant filed a motion asking the trial court to appoint counsel to represent him in this divorce case.

From March 21, 1996 through July 14, 1996, the defendant wrote numerous letters to counsel for the plaintiff primarily concerning personal property.

On August 7, 1996, the defendant filed with the court a witness list indicating the names of eight witnesses, including the plaintiff, that he wished to call at the hearing in the case. He asked that these witnesses be subpoenaed and that he be transported from South Central Correctional Center in Wayne County to Shelbyville for the trial of the case.

On August 23, 1996, counsel for the plaintiff filed a motion to set the case for trial indicating that he would appear on August 30, 1996 at 9:00 a.m.

On August 28, 1996, the defendant filed a motion to postpone the trial until the court had ruled on his pending motions.

On August 30, 1996, the defendant was notified by letter from the Clerk & Master "that your motions and all other matters in the above styled cause has been set by the Court for hearing on September 20, 1996 at 9:00 a.m. in the Chancery Courtroom located on the 3rd floor at the Courthouse in Shelbyville, Tennessee."

On September 4, 1996, counsel for the plaintiff filed a motion to dismiss all the previous motions filed by the defendant and set same for hearing on September 20, 1996 at 9:00 a.m.

The trial court entered an order on September 5, 1996 ordering "that this cause shall be set on the 20th day of September 1996 at 9:00 a.m. or as soon thereafter as the Court's docket permits, for a final hearing on the Plaintiff's Petition for Divorce and a final hearing on all Motions filed by or on behalf of either party."

On September 16, 1996, the defendant filed a two page document entitled "Evidence for the Defense".

On November 26, 1996, an Order for Divorce was entered reflecting a September 20, 1996 hearing. This order in its entirety states:

This cause came to be heard on the 20th day of September, 1996 upon Plaintiff's Motion to Dismiss, all Motions and Pleadings filed by the Defendant and upon Plaintiff's Complaint for Divorce.

It appearing to the Court that the Defendant is incarcerated by the Tennessee Department of Corrections serving a fifteen (15) year sentence for a Class A Felony and therefore has no statutory or legal right to contest the action for divorce brought by the Plaintiff. It further appears to the Court that the Defendant has filed numerous Motions to wit; Motion In Contest And Opposition to Plaintiff's Complaint for Divorce, Motion to Proceed In Forma Pauperis, Motion to be Heard By Way of Interrogatories, Motion for Witnesses Summon, Motion for Tefesconduw2m Order, Motion for Records, Motion to Post-Pone, and Motion for Order for Records.

It further appears to the Court that the Defendant is guilty of inappropriate marital conduct and that further cohabitation is both unreasonable and improper and due to the Defendant's incarceration, the Plaintiff has been responsible for all the marital debts and liabilities incurred by and between the parties during the marriage and the Defendant has provided no means of support.

It is therefore ORDERED, ADJUDGED and DECREED that the Plaintiff be granted an Absolute Divorce from the Defendant on the grounds of inappropriate marital conduct and that both parties be restored to all rights and privileges of single persons and the Plaintiff be awarded her maiden name "STOVALL".

It is further ORDERED that the Plaintiff be awarded the real property located at 3565 Highway 130 East, Wartrace, Bedford County, Tennessee and all right, title and interest in said real property be divested from the Defendant and vested to the Plaintiff by Quit Claim Deed. Plaintiff is to assume the indebtedness at Epco Credit Union and forever hold the Defendant harmless thereon.

It is further ORDERED that the Plaintiff is to be awarded the 1993 S-10 pick-up and assume the loan at Epco Credit Union and forever hold Defendant harmless thereon. Plaintiff also is to be awarded the satellite dish, all the household goods and furnishings and all the personal property currently in her possession. The Defendant is awarded the rest and residue of the marital property he has in his possession.

It is further ORDERED that the Plaintiff is to assume the debt to J&R Bonding Company and forever hold the Defendant harmless thereon and the Defendant is to assume the debt to the Bedford County General Hospital of approximately $600.00 and forever hold Plaintiff harmless thereon.

It is further ORDERED that all monies in joint checking and savings accounts in the names of the Plaintiff and the Defendant at Epco Credit Union be awarded to the Plaintiff and the Defendant shall have no interest in said accounts.

It is further ORDERED that the Plaintiff's Motion to Dismiss the Motions and Pleadings filed by the Defendant is well taken and that all Motions and Pleadings filed by the Defendant be and hereby are dismissed.

Entered this the 26th day of November, 1996.

Defendant filed a notice of appeal on December 20, 1996.

The appellant presents three issues for review, to wit:

1.      Did the Trial Court err in determining that Appellant had no statutory or legal right to contest the divorce?

2.      Did the Trial Court err in granting Appellee a divorce based upon inappropriate marital conduct?

3.      Did the Trial Court err in the distribution of marital property?

The defendant having admitted his incarceration on a 15 year sentence in the penitentiary, the Court may take judicial notice of the fact that he was convicted of a felony, there being no misdemeanor in Tennessee providing for a 15 year sentence of imprisonment. He would therefore be hard put to defend a suit for divorce pursuant to Tennessee Code Annotated section 36-4-101(5)(6). The trial court is in error in finding that the plaintiff has no statutory or legal right to contest the action for divorce because he is serving a 15 year sentence for a Class A felony. However, the court did not grant the divorce on the grounds of conviction of a felony but rather on grounds of inappropriate marital conduct. This divorce decree followed a hearing on notice to the defendant held September 20, 1996. What may or may not have transpired at this hearing is unknown to us as we are favored with neither a transcript of the hearing nor a Rule 24(c) Tenn. R. App. P. statement of the evidence.

Appellant adequately states his dilemma in his brief wherein he observes:

Therefore, in essence, Appellant was not allowed to contest the grounds for divorce or the distribution of marital assets, even though Appellant did file an Answer, styled as Defendant's Motion in Contest and Opposition to Plaintiff's Complaint for Divorce, and several motions. Appellant expected that Appellant's written pleadings and motions would be addressed and taken into consideration by the Trial Court. T.C.A. 41-21-304(a) states (emphasis added):

In no civil case can a convict be removed from the penitentiary to give personal attendance in court, but testimony may be taken by deposition, as in other cases, the party seeking the testimony being required to make affidavit that the convict is a material witness in the cause.

This statute gives an inmate the right to present his version of the facts to the Court. See Whisnant v. Byrd, 525 S.W.2d 152 (Tn. 1975). Discussing the above statute in reference to an inmate appearing personally in court, the Attorney General opined (emphasis added):

[Not allowing inmates to appear personally in court] in our opinion would not prohibit a defendant from vigorously defending against a civil matter. His unavailability for hearings and trials would not prohibit him from presenting matters to the court on his behalf. His testimony, as well as that of other prisoner witnesses, may be presented by deposition in accordance with T.C.A. [section] 41-21-304. Moreover, a prisoner defendant may engage counsel to represent him. As long as the prisoner defendant is afforded ample opportunity to present his side of the controversy, there is no need for him to appear personally. See Stone v. Morris, [546 F.2d 730 (7th Cir. 1976)]. However, unlike the case of the prisoner plaintiff, it would be inappropriate to hold the matter in abeyance until the prisoner's release from custody. If adequate opportunity to present a meaningful defense has been afforded, we see nothing to prohibit the court from proceeding with the matter in the absence of a prisoner defendant.

See Attorney General's Opinion, Number 87-198, December 22, 1987. At the very minimum, Appellant was entitled to present a defense by personal deposition.

The trouble with the position of the appellant in this civil case is that he did not seek to take depositions "as in other cases" as was allowed to him by Tennessee Code Annotated section 41-21-304, nor did he seek to follow up on his own motion to be heard by written interrogatories in lieu of personal appearance. He did not engage counsel to represent him though he had the aid of an inmate advisor. He did not seek to employ a court reporter to record the proceedings of September 20, 1996, nor seek to have any person present at such hearing to prepare any record thereof. Thus, this Court is compelled to presume, in the absence of such a record, that the factual findings of the trial court are based upon sufficient evidence. *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992); *State v. Oody*, 823 S.W.2d 554 (Tenn. Cr. App. 1991).

Appellant made no effort to comply with Tenn. R. App. P. Rule 24(c) providing that in the absence of a stenographic report "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." At least by

following Rule 24(d) and the provisions of law relative to depositions and interrogatories, the appellant could have compelled the appellee to file objections under Rule 24(c) to the statement of evidence and compelled a settlement of the record by the trial court under Tenn. R. App. P. Rule 24(e).

As the appellant was statutorily prohibited by Tennessee Code Annotated section 41-21-304(a), from personal attendance at court and as he did not adequately pursue the avenues available to him to present his defenses in absentia and preserve a testimonial record for appeal, we are compelled to presume that the trial court acted upon adequate and substantial evidence in granting a divorce based upon inappropriate marital conduct and in the distribution of marital property.

The judgment of the trial court is affirmed with costs assessed to the appellant.

_____
WILLIAM B. CAIN, JUDGE