IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief February 1, 2001

## IN THE MATTER OF: RAY ALLEN SMITH

**Appeal from the Chancery Court for Morgan County**
**No. 99-208    Frank V. Williams, III , Judge**

 **FILED MARCH 15, 2001** 

**No. E2000-00321-COA-R3-CV**

---

This is a suit by an inmate to have his last name changed to that of his mother's maiden name. Upon the incarcerated Petitioner not appearing when the case was called for trial, it was dismissed. We vacate and remand.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Ray Allen Smith, Wartburg, Tennessee, Appellant, *Pro Se*

**OPINION**

Ray Allen Smith, an inmate of the Penal System of the State of Tennessee, filed a petition to change his last name from "Smith" to "Sneyd," his mother's maiden name. His petition also alleges the following:

That the petitioner is not changing his name for any fraudulent purpose or for any illegal or improper purpose whatsoever.

That the petitioner herein has a criminal record and this name change is not being done to defraud creditors.

That the petitioner's sole purpose in changing his name, is to utilize the maiden name of his mother.

The case was set for trial on January 10, 2000, and when the incarcerated prisoner did not appear, the petition was dismissed.

Thereafter, he filed a motion to reconsider, wherein he alleges the following:

> As stated in the Petition For Change of Name, petitioner's address is BMCX-MC P.O. Box 2000 Wartburg, Tennessee 37887. This address is well known in the community as an institution of the Tennessee Department of Correction. When the Court notified the petitioner of the hearing date, a letter dated December 13, 1999,[1] was sent to the Clerk and Master to inform the Court that he could not be present without an ORDER directed to the institution to transport him to the hearing. Or in the alternative that, the petitioner's aunt, Bonnie Hyder, who has full durable power of attorney, could appear in his stead, if permitted by the Court. The petitioner has received no response except the Order of Dismissal for failure to appear.

This motion was denied, resulting in this appeal, wherein the Petitioner contends that the Chancellor was in error in dismissing his suit because he "failed to appear for the trial pursuant to notice."

The seminal case regarding inmate suits is Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975). wherein Justice Henry said the following (at page 153):

> We, therefore, hold that a prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a qualified and restricted right.
>
> . . . .
>
> We hold that, absent unusual circumstances, prisoners who have filed their civil complaints, unrelated to the legality of their convictions and who have thus protected themselves against the running of any statute of limitations, will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead such matters will be held in abeyance until the prisoner shall have been released from prison and is in a position to prepare and present his case. We hold that in a proper case, and upon a proper showing of particularized need, the trial judge, in his discretion, may issue an appropriate directive requiring the attendance of the prisoner.

---

[1]This letter is not included in the record.

In the case at bar plaintiff's complaint has been filed and the statute of limitations has been tolled. His right of action is protected. In our opinion the record does not disclose any need for immediate attention and certainly the trial judge would have been remiss had he disposed of the case in the absence of the plaintiff, and even more so had he attempted to order his presence at trial with the accompanying expense, hazard to the public, and interference with prison officials.

Two other reported cases have also addressed the question. In the first, Sanjines v. Ortwein and Associates, P.C., 984 S.W.2d 907 (Tenn.1998), the Court stated the following (at page 909):

We first address the question of the plaintiff's right to prosecute a civil action. In *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn.1975), we held that an inmate "has a constitutional right to institute and prosecute a civil action seeking redress for ... the vindication of any ... legal right." We noted, however, that such right of action is "qualified and restricted." *Id*. The qualification addressed by *Whisnant* is the limited right of inmates to present their cases in court. *Whisnant* held that absent unusual circumstances, inmates who file civil actions unrelated to the legality of their convictions "will not be afforded the opportunity to appear in court to present their cases during their prison terms." *Id*. at 154. Trial courts were directed to hold such matters in abeyance until the inmate is released from prison, unless an "appropriate directive" is issued requiring the attendance of the inmate. *Id*. (Footnote omitted.)

. . . .

While the Court in *Whisnant* was concerned with the rights of inmates to file civil complaints, the Court did not hold that a stay is necessary in all civil actions filed by incarcerated persons in order to prevent prejudice to the judicial process. Neither did the Court hold that such persons have a constitutional right to a stay of their civil actions. The Court was concerned only with the rights and qualifications of an inmate to appear in court for trial. *Whisnant* does not discuss how a trial court should handle pre-trial matters such as stays of proceedings in inmate civil actions. That is the question thrust upon us today by the case under submission.

The other and most recent case is Logan v. Winstead, 23 S.W.3d 297 (Tenn.2000). In that case Justice Drowota, speaking for the Supreme Court, made the following determination (at page 302):

While the *Sanjines* case dealt with a plaintiff's filing of simultaneous civil and post-conviction actions, its language makes clear that incarcerated plaintiffs do not have a constitutional right to a stay of their civil proceedings. We agree with Mr. Winstead and

with our reasoning in *Sanjines* and hold that although incarcerated plaintiffs have a constitutional right to initiate and prosecute a civil action, they do not retain an absolute right to have civil litigation held in abeyance until they are released from custody, nor do they retain an absolute right to be present at each stage of the proceedings. Accordingly, we overrule *Whisnant* to the extent that it may be interpreted to guarantee incarcerated plaintiffs these absolute rights.

Instead, we hold that the decision of whether or not to stay civil proceedings for a prisoner is left to the discretion of the trial court. Acting on a case-by-case basis, the trial court must weigh the competing interests of the inmate's ability to present proof and the burden on the judicial system and the defendant in continuing the action. In reviewing a trial court's ruling on a motion for abeyance, appellate courts should employ an abuse of discretion standard of review. *See Sanjines v. Ortwein*, 984 S.W.2d at 909.

One of the main factors to be considered by the trial court in considering a motion for abeyance is whether the inmate will be released from prison and able to appear in court within a reasonable amount of time from the filing of the suit. This determination will unmistakably vary from one case to the next. Besides the length of the prisoner's remaining sentence, other countervailing interests should be considered by the court, including the burden on the court in maintaining a docket on which such claims will remain for an extended period, and the inconvenience and impracticability of litigating a suit several years after its filing. Not only will prisoners have a more difficult time presenting proof if their cases are held in abeyance, but defendants have a right to have claims against them timely adjudicated. The longer a suit is held in abeyance, the more difficult it will be to try on its merits. Witnesses may move or pass away, memories will fade, and proof will become harder to obtain. It is in everyone's best interest--the court's, plaintiff's, and defendant's--to require the incarcerated litigant's suit to proceed, when reasonable under the circumstances. However we hasten to add that when a trial court denies a prisoner's request for an abeyance, it should, within its discretion, afford the prisoner sufficient time for filing briefs and motions and for conducting discovery. This is especially true when inmates are proceeding *pro se*. Trial courts should waive the time requirements of the Rules of Civil Procedure and set reasonable time restrictions in such instances.

In view of the fact that the concerns articulated in <u>Logan</u> do not for the most part obtain in a suit seeking a change of name, we believe it appropriate to vacate the dismissal and remand the case for the Chancellor to exercise his discretion in determining whether the case should be held in abeyance pending release of the Petitioner, or whether, under the circumstances of this case, it is appropriate to grant the relief requested *instanter*, assuming, as appears to be the case, that there is no one who would be adversely affected by the granting of the relief sought by the Petitioner.

We appreciate that the Petitioner did not ask that the case be held in abeyance, as was the case in <u>Sanjines</u> and <u>Logan</u>, but note that no such request was made in <u>Whisnant</u>.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for the purpose hereinbefore set out.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE