IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 4, 2000

## JOHNNY CONAWAY v. SEMIKO L. LEWIS (CONAWAY)

**Appeal from the Circuit Court for Davidson County**
**No. 98D-3879     Muriel Robinson, Judge**

---

**No. M2000-00617-COA-R3-CV - Filed May 24, 2001**

---

This is a suit by an incarcerated prisoner seeking a divorce from his unincarcerated wife. The complaint alleges that the parties have no children and seeks divorce on the grounds of adultery and desertion. The defendant was before the court by personal service of process and did not answer the complaint. The prisoner sought default judgment which motion was never acted upon by the trial court. The circuit court clerk served a notice on the parties in this case on January 7, 2000, that since the case had been filed since December 9, 1998 and not prosecuted, it was subject to dismissal for failure to prosecute. On February 29, 2000, the case was dismissed for failure to prosecute. The prisoner/plaintiff timely appealed and we reverse the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Johnny Conaway, Clifton, Tennessee, Pro Se.

Semiko L. Lewis, Hermitage, Tennessee, Pro Se.

## OPINION

Appellant, Johnny Conaway, filed suit in the Circuit Court of Davidson County on December 15, 1998 for a divorce from his wife, Semiko L. Conaway, alleging that the parties were married in the summer of 1991 while Appellant was incarcerated in the Criminal Justice Center at Nashville. He alleges that his Wife visited him on several occasions and that the parties communicated by mail and by telephone, but that by the summer of 1992, Wife had completely ceased all communication with Husband. He alleges that in 1993 he was granted parol and, upon his release, contacted his wife who informed him that she had an infant child by another man. He further alleges that the marriage of the parties has never been consummated and then seeks divorce on grounds of adultery and desertion. He likewise asserts that the parties own no joint personal or real property, have no children, and owe no debts. On December 15, 1998, Husband filed a "Motion for Constructive

Service" together with a certification that his inmate trust account was limited to $ 0.19. A summons was issued with the complaint on December 15, 1998 and was returned on the 29th of December 1998 indicating that the defendant was not to be found in Davidson County.

A second summons was issued on January 13, 1999, by the circuit court clerk, and the return on the summons indicated that on the same day, January 13, 1999, personal service of the summons and complaint was effected on Wife, Semiko Lewis Conaway, with the return from the deputy sheriff indicating that the process had been "personally served in field office, Metro Courthouse." The return is signed by Jamey Taylor, Deputy Sheriff, and likewise appears to have a genuine signature of Semiko Conaway.

On March 4, 1999, Husband filed a Motion for Default Judgment indicating that service of process had been effected on January 13, 1999, and no response had been filed by Wife.

On March 11, 1999, and on July 20, 1999, Husband inquired of the circuit court clerk the status of his motion for default judgment.

On July 22, 1999, Husband filed a "Notice of Hearing" with certificate of service on Semiko L. Conaway. This notice provided:

> Petitioner Johnny Conaway, pursuant to Rule 26, Local Rules of Practice, request the docketing of this motion for setting case for trial.
>
> Petitioner requests that this motion for default judgment and a final decree for absolute divorce be heard on July 30, 1999, at 9:00 a.m., as provided by the Local Rules of Court.

On the same day, July 22, 1999, Appellant filed another Motion for Default Judgment. He tendered, along with this Motion, a proposed final decree of divorce which granted both judgment by default and an absolute divorce. This proposed decree is unsigned by the court.

The record shows no further action in the case until January 7, 2000, when the clerk notified both parties that:

> By order of the court, all cases which have been pending for one (1) or more years shall be dismissed unless within the next thirty (30) days the following takes place:
>
> (1) A motion to set is filed and heard by the assignment judge for jury cases and for non-jury and divorces to be heard by the trial judge; or
>
> (2) Specific permission is obtained from the court for this case to be exempted from this one (1) year rule.

If an order setting the case for trial is not filed within thirty (30) days, or exempted under paragraph 22 above this case shall be dismissed.

On February 29, 2000, an Order of Dismissal was entered in the case providing:

It appears to the court that this cause has been dormant for an extended time.

Therefore, in accordance with Rule 18.02 of the Local Rules of Practice of the courts of record of Davidson County, it appears that this cause should be dismissed for want of prosecution.

It is therefore ORDERED that the above cause, be and the same, is hereby dismissed. Costs of this cause are assessed to the plaintiff and/or its surety for which execution may issue if necessary.

Husband on March 14, 2000, filed a proper notice of appeal.

Before this Court, Husband timely filed his brief, and there being no response at all from Wife/Appellee, the case was submitted for disposition on the record and Appellant's brief pursuant to Tenn. R. App. P. 29(c). From our review of the record, it appears that an incarcerated prisoner somehow married Wife while still incarcerated and never actually lived with her. By the unchallenged statements of the complaint, Wife had a child by another man while he was still incarcerated. Husband and Wife have no children together, have no personal property, have no real property, and have no debts. Wife is before the Court by personal service of process and has never responded either in the trial court or in this Court.

It would appear that this case was subject to a dismissal order on the general basis of local court rules requiring the prosecution of a case within one year of its filing. The record indicates that Appellant had attempted to prosecute his case from his place of confinement in the penitentiary and that his motion for default judgment is probably well taken. While he submitted a proposed decree granting both default judgment and a divorce from his wife, he offered no proof, by deposition or otherwise sufficient, to give the trial court a basis in proof for granting a divorce.

Under these conditions we think the prisoner was entitled at least to the treatment given to the case of an incarcerated plaintiff by *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975). The case should be simply held in abeyance until his release from prison or until he provides the court some kind of evidence, by deposition or any other means satisfactory to the trial court, that the allegations of his complaint are true and that he is entitled to a divorce from this unfortunate marriage. It is not the duty of this Court to advise the prisoner/plaintiff on how to present his case before the trial court from his position of incarceration, but under the circumstances of this case, the action of the trial court in dismissing the complaint for failure to prosecute is reversed and the case remanded pursuant to *Whisnant v. Byrd.*

Costs of the appeal are assessed against Semiko L. Conaway.


_____
WILLIAM B. CAIN, JUDGE