IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs March 27, 2002


LATASHA MARIE WHITTINGTON-BARRETT v.
JERRY HAYES, ET AL.


Appeal from the Chancery Court for Johnson County
No. 5006     G. Richard Johnson, Chancellor


FILED APRIL 16, 2002


No. E2001-01277-COA-R3-CV


LaTasha Marie Whittington-Barrett ("Plaintiff"), who is currently incarcerated by the State of Tennessee, filed a petition seeking a copy of Plaintiff's medical and psychiatric records. As grounds for the petition, Plaintiff cited a Tennessee Department of Corrections rule which requires a court order before TDOC will release copies of the inmate's health records directly to the inmate. The defendants, prison Health Administrator Jerry Hayes and prison Mental Health Psychological Examiner David Dobbins ("Defendants"), filed a Motion to Dismiss or for Summary Judgment.[1] The Trial Court granted Defendants summary judgment. Plaintiff appeals. We vacate the summary judgment and remand.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;**

**Case Remanded.**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

LaTasha Marie Whittington-Barrett, *pro se*, Mountain City, Tennessee.

Paul G. Summers, Michael E. Moore and Stephanie R. Reevers, Nashville, Tennessee, for the Appellees, Jerry Hayes and David Dobbins.

---

[1] The State Attorney General's office filed the Motion to Dismiss or for Summary Judgment on behalf of the Defendants.

**OPINION**

**Background**

In October 1999, Plaintiff, who is currently incarcerated at Northeast Corrections Complex, filed a petition ("Petition") seeking copies of Plaintiff's medical and psychiatric records.[2] Plaintiff requested that the State produce Plaintiff's medical and psychiatric records contained in a total of six files. Plaintiff named as defendants two employees of the State of Tennessee, the health administrator and psychological examiner for Northeast Corrections Complex. Plaintiff stated in the Petition that these records were necessary for a civil rights lawsuit Plaintiff was planning to bring against state prison medical officials. In support of the Petition, Plaintiff cited a Tennessee Department of Corrections rule, Rule G5 ("TDOC Rule G5"). TDOC Rule G provides, in pertinent part, as follows:

G. Inmate Access to Health Records:

1. Inmates have a limited right of access to their own health records. Inmates desiring to review their own health records shall make a written request to the health administrator, which shall include the purpose of the review and the specific information requested. Arrangements shall be made by the health administrator for the specific information to be reviewed in the presence of a physician, mid-level provider, licensed nurse, or medical records clerk. . . .

3. Prior to reviewing the health record with the inmate, the record shall be purged of all psychiatric/psychological materials, any materials received from outside sources and any information which may jeopardize the safety of the inmate or the institution.

4. Psychiatric/psychological records shall not be reviewed with an inmate without consultation with the treating or a knowledgeable psychiatric/psychological professional. If this consultant believes that the content of the psychological records should not be released to the inmate or that they should be released only in part or under special conditions due to the anticipated impact upon the inmate, the records, or

---

[2] In the Petition, Plaintiff is self-described as a transsexual.

any part thereof, may be withheld pending a court order to release the records.

5. *Copies of the health record shall not be released directly to the inmate, except by court order.* Exception to this release shall be made only when an inmate is personally involved in a lawsuit directly involving medical issues which would require the use of his/her medical records, as verified by the staff attorney or Office of the Attorney General.

(emphasis added).

Defendants filed a Motion to Dismiss or for Summary Judgment. Defendants contended in their motion that the Trial Court had no jurisdiction to hear the Petition, in part, because Plaintiff was seeking discovery before Plaintiff's civil lawsuit was filed. Defendants also argued the Petition was moot because Plaintiff had been allowed to review and acquire copies of selected portions of Plaintiff's medical records. Defendants cited correspondence in which Plaintiff acknowledged this occurred. The correspondence was from the State Attorney General's office to prison officials regarding Plaintiff's request for medical and mental health records. The bottom of the correspondence page provides, in pertinent part, as follows:

I LaTasha Barrett . . . have reviewed my medical and mental heath record. Selected pages of record was [sic] copied and returned to me on October 1, 1999 by Health Administrator Luther Townley as per order of Attorney General office.

This acknowledgment ("Acknowledgment") is followed by the signatures of Plaintiff and the prison's health administrator.

In a pleading filed in December 1999, captioned "Declaration . . . ," Plaintiff disputed that Plaintiff was allowed to review and copy all six medical and psychiatric files.[3] Instead, Plaintiff stated in the Declaration that the State did not allow Plaintiff to review and receive copies of four of the six files. The Declaration states that it is a sworn statement and is signed by Plaintiff.

Thereafter, the Trial Court granted Defendants summary judgment as a matter of law on the ground that Plaintiff's Petition was moot. In its Final Order, the Trial Court stated, in pertinent part, as follows:

---

[3] The Declaration was filed by Plaintiff in support of a motion for change of venue. When Plaintiff filed the Petition, Plaintiff was housed at Northeast Corrections Complex in Mountain City, Tennessee, but, thereafter, was transferred to another prison facility in Morgan County, Tennessee. After a brief stay, Plaintiff was transferred back to Northeast Corrections Complex. With each of Plaintiff's transfers, Plaintiff filed motions seeking a change of venue.

In this cause, Plaintiff seeks a copy of [Plaintiff's] medical and psychiatric records held by [Defendants]. It *appears* from the attached [Acknowledgment] that Plaintiff has reviewed the requested records and [Defendants have] made copies of such records that Plaintiff requested, therefore, this cause is moot.

This cause is dismissed as there is no genuine issue of disputed material fact. T.R.C.P. 56.

The costs of this cause are taxed to Plaintiff. . . .

(emphasis added).[4] The Final Order did not address Defendants' argument regarding whether the Trial Court had jurisdiction to hear the Petition.

Thereafter, Plaintiff filed a Tenn. R. Civ. P. 59.04 motion to alter or amend judgment. Although not exactly stated as such, Plaintiff argued in the Rule 59 motion that Defendants' motion for summary judgment should not have been granted because: (1) Plaintiff's Petition is not a lawsuit and, therefore, not subject to dismissal under Tenn. R. Civ. P. 56; (2) Defendants, as the moving parties, failed to carry their burden of establishing there was no genuine issue of material fact since the Acknowledgment is not a sworn affidavit; and (3) a genuine issue of material fact exists with respect to whether Plaintiff has been allowed to review and receive copies of all six medical and psychiatric files. In support of the Rule 59 motion, Plaintiff filed a second Declaration in which Plaintiff again stated that Plaintiff had not been allowed by Defendants to review four out of the six medical and psychiatric files.[5]

The Trial Court denied Plaintiff's Rule 59 motion to alter or amend judgment. Plaintiff appeals. We vacate the summary judgment and remand.

### Discussion

On appeal and although not exactly stated as such, Plaintiff raises the following issues: (1) whether Plaintiff's Petition was subject to dismissal on a motion for summary judgment because, according to Plaintiff, the Petition is not a lawsuit; (2) whether the Trial Court erred in granting summary judgment to Defendants because there is a genuine issue of material fact regarding whether Plaintiff was allowed by Defendants to review and receive copies of all six of Plaintiff's medical and psychiatric files; (3) whether the Trial Court erred in granting judgment as a matter of law to Defendants because their motion for summary judgment was improperly supported by an

---

[4] The technical record on appeal shows that the correspondence which contains the Acknowledgment was not attached to Defendants' Motion to Dismiss or for Summary Judgment but was attached to the Final Order.

[5] Although confusing, Plaintiff also stated in this Declaration Plaintiff had a total of 9 volumes of medical and psychiatric files and had been allowed to review and receive copies only from the 9th volume.

unsworn statement; (4) whether the Trial Court erred in failing to consider Plaintiff's request to be transported from prison to the Trial Court for the hearing on Defendants' Motion to Dismiss or for Summary Judgment; and (5) whether the Trial Court erred in assessing costs to Plaintiff.

On appeal, Defendants contend the Trial Court correctly granted them summary judgment. In addition and although not exactly stated as such, Defendants raise the following additional issue on appeal: (1) whether the Trial Court has jurisdiction to hear Plaintiff's Petition.

We first review Defendants' issue on appeal regarding whether the Trial Court has jurisdiction to hear Plaintiff's Petition. *See First Am. Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001) (citing Tenn. R. App. P. 13(b)). While the Trial Court did not address this issue in its Final Order, Tenn. R. App. P. 13(b) directs this Court to consider whether the trial court and this Court have subject matter jurisdiction whether or not the issue is raised on appeal. Subject matter jurisdiction is the "court's power to adjudicate a particular controversy brought before it." *Id.* "Courts derive their subject matter jurisdiction from [our State] Constitution or from legislative act, . . . and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication." *Id.* (citations omitted).

Defendants argue Plaintiff's reliance upon Tenn. R. Civ. P. 26 is misplaced because Rule 26 does not provide for discovery in anticipation of litigation. Defendants also contend the statutory provisions which address the right to obtain one's medical records and the procedure therefor, Tenn. Code Ann. §§ 10-7-504(a)(1) and 63-2-101, do not create a cause of action for Plaintiff.[6]

---

[6] Tenn. Code Ann. § 10-7-504(a)(1) provides, in pertinent part, the following:

> The medical records of patients in state, county and municipal hospitals and medical facilities, and the medical records of persons receiving medical treatment, in whole or in part, at the expense of the state, county or municipality, shall be treated as confidential and shall not be open for inspection by members of the public. . . .

Tenn. Code Ann. § 63-2-101(a) provides, in pertinent part, the following:

> (a)(1) Notwithstanding any other provision of law to the contrary, a health care provider shall furnish to a patient or a patient's authorized representative a copy or summary of such patient's medical records, at the option of the health care provider, within ten (10) working days upon request in writing by the patient or such representative.
>
> (2) If a provider fails to comply with the provisions of subdivision (a)(1), proper notice shall be given to the provider's licensing board or boards and the provider may be subject to disciplinary actions which include sanctions and a monetary fine.

Defendants' argument appears to be that Plaintiff cannot obtain a court order to obtain copies of medical records unless Plaintiff already has a lawsuit pending. In other words, Plaintiff cannot bring a lawsuit for the sole purpose of obtaining copies of Plaintiff's medical records. Defendants, however, do not dispute that TDOC Rule G5 applies.

We have reviewed the statutes cited by Defendants and TDOC Rule G5 upon which Plaintiff relies. The statutes cited by Defendants do not address how a prison inmate obtains copies of his or her health records. Defendants have cited no rule or statute which prohibits Plaintiff from bringing a lawsuit against Defendants for the sole purpose of securing a court order to obtain a release of Plaintiff's health record. In contrast, the plain language of TDOC Rule G5 states that an inmate cannot obtain directly a copy of his or her health records "except by court order." We hold that TDOC Rule G5 does not limit Plaintiff's direct access to copies of Plaintiff's health records to discovery in pending litigation. The rule simply states that, except for one exception not relevant here, copies of an inmate's health records shall not be released directly to the inmate except by court order. Plaintiff attempted to follow TDOC procedure by filing this lawsuit. We hold the Trial Court has subject matter jurisdiction "by necessary implication." *First American Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d at 140. Accordingly, we hold Defendants' argument that the Trial Court does not have jurisdiction to hear this matter fails.

Next, we address Plaintiff's issue on appeal regarding whether the Petition was subject to dismissal on a motion for summary judgment. According to Plaintiff, the Petition is not a lawsuit and, therefore, not subject to dismissal on a motion for summary judgment. Plaintiff's attempt to draw a distinction between the Petition and a lawsuit fails. The Tennessee Rules of Civil Procedure apply to civil actions filed in our State's circuit and chancery courts. Tenn. R. Civ. P. 1. Civil actions are defined as "[a]ll actions in law or equity. . ." and the Petition falls under this definition. Tenn. R. Civ. P. 2. When the Petition was filed with the Trial Court clerk, a civil action was commenced. *See* Tenn. R. Civ. P. 3. Defendants' Motion to Dismiss or for Summary Judgment was filed pursuant to Rules 12 and 56 of the Tennessee Rules of Civil Procedure. Under Rule 1 of the Tennessee Rules of Civil Procedure, the Petition, as a civil action, is subject to dismissal by the Trial Court upon a valid Rule 12 motion to dismiss or a Rule 56 motion for summary judgment. Therefore, we find Plaintiff's first issue on appeal to be without merit.

We now turn our attention to the pivotal issue in this matter, which is did the Trial Court err in granting summary judgment to Defendants. Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*,

816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89.

Plaintiff contends on appeal that the Trial Court erred in granting summary judgment to Defendants because there is a genuine issue of material fact regarding whether Defendants allowed Plaintiff to review and receive copies of all of Plaintiff's requested medical and psychiatric records. As discussed, the Trial Court, in its Final Order, found that Plaintiff's Petition was moot because it "appear[ed]" from the Acknowledgment that Plaintiff had been allowed to review and

make copies of Plaintiff's medical records as requested. The record on appeal, however, shows that Plaintiff filed the Declaration *after* Defendants filed their motion but *before* the Trial Court entered its Final Order. The Declaration shows Plaintiff claims Defendants had not allowed Plaintiff to review approximately four of the six files that contain Plaintiff's medical and psychiatric records. We find a genuine issue of material fact exists regarding whether Plaintiff was allowed by Defendants to review and receive copies of Plaintiff's medical and psychiatric records as requested by Plaintiff, subject to the restrictions contained in TDOC Rule G. Accordingly, we hold the case was not moot, and that due to the existence of a genuine issue of material fact, summary judgment was not appropriate. Therefore, we vacate the Trial Court's grant of summary judgment. *See* Tenn. R. Civ. P. 56.04. We do not hold by this Opinion that Plaintiff has an unlimited right of access to Plaintiff's health records. Rather, we hold only that based on the record now before us, there is a genuine issue of material fact as to whether Plaintiff has been allowed access to Plaintiff's health records as provided for by TDOC Rule G, including the restrictions contained in Rule G.

We next review the issue on appeal regarding whether the Trial Court erred in failing to decide Plaintiff's request to be transported from prison to the hearing on the Defendants' Motion to Dismiss or for Summary Judgment.[7] While the Trial Court did not address this matter in its Final Order, we find this issue warrants discussion to prevent needless litigation. *See* Tenn. R. App. P. 13(b).

Our Supreme Court held that "although incarcerated plaintiffs have a constitutional right to initiate and prosecute a civil action, they do not retain an absolute right . . . to be present at each stage of the proceedings." *Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000). Accordingly, Plaintiff does not have a constitutional right to be present at such a hearing. Moreover, Plaintiff's right to pursue civil litigation while incarcerated is limited. *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948); *Sanjines v. Ortwein & Assoc., P.C.*, 984 S.W.2d 907, 910 (Tenn. 1998) (quoting *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975) (holding that this right is "'qualified and restricted'").[8] In addition, in the interest of prison administration, this Court has recognized that the trial court may impose "appropriate limitations" on discovery by a prisoner who has brought a civil lawsuit. *Reid v. State*, 9 S.W.3d 788, 792 (Tenn. Ct. App. 1999).

Plaintiff also contends on appeal that the Trial Court erred in granting summary judgment to Defendants because the Acknowledgment upon which the Trial Court based its decision

---

[7] Although Plaintiff failed to provide any argument in support of this issue in Plaintiff's brief, we will address this issue to assist the Trial Court on remand. *See* Ct. App. Tenn. R. 6; *Forde v. Fisk Univ.,* 661 S.W.2d 883, 886 (Tenn. Ct. App. 1983) (holding that where the appellate brief fails to set forth any supporting arguments, this Court usually will not consider the issue on appeal).

[8] It should be noted the holding of *Whisnant v. Byrd*, that a prisoner has a constitutional right to a stay of his civil proceedings while his criminal conviction is being appealed, was overruled by *Sanjines v. Ortwein & Assoc., P.C.,* 984 S.W.2d at 910. *See also Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000) (holding that an inmate had no absolute right to have his civil litigation stayed until his release or to be present for each stage of the case's proceedings).

is not a sworn statement.  Since we have determined that summary judgment is not appropriate in this matter due to the existence of a genuine issue of material fact, this issue is pretermitted.  In addition, Plaintiff raises an issue regarding the Trial Court's assessment of costs against Plaintiff. In light of our determination that a grant of summary judgment was not appropriate in this matter, this issue also is pretermitted.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for further proceedings as required consistent with this Opinion, and for collection of the costs below.  The costs on appeal are assessed against the Appellees, Jerry Hayes and David Dobbins.


_____
D. MICHAEL SWINEY, JUDGE