APPELLANT PRO SE
James H. Higgason, Jr.
Michigan City, Indiana



## In the
## Indiana Supreme Court

No. 46S03-0804-CV-168

JAMES H. HIGGASON, JR.

*Appellant (Plaintiff below),*

v.

INDIANA DEPARTMENT OF CORRECTION,

*Appellee (Defendant below).*

Appeal from the LaPorte Superior Court, No. 46D03-0608-SC-1025
The Honorable Paul J. Baldoni, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 46A03-0609-CV-418

**April 9, 2008**

**Boehm, Justice.**

James Higgason, Jr. brings this claim for $1754 for the cost of photocopying various parts of legal documents filed in several cases.

The trial court dismissed Higgason's claim under Indiana's Three Strikes Law, Indiana Code § 34-58-2-1 (West Supp. 2007), finding that Higgason was barred from bringing a claim because he had filed three previous frivolous suits and was not in immediate danger of serious bodily injury.[1]  Higgason appealed, arguing that the Three Strikes law violated the Open Courts

---

[1] The Three Strikes Law provides:

Clause of the Indiana Constitution. The Court of Appeals affirmed the trial court and upheld the Three Strikes Law in an unpublished, per curiam opinion. Higgason v. State, No. 46A03-0609-CV-418 (Ind. Ct. App. June 19, 2007). We grant transfer concurrent with this opinion.

For the reasons given in Smith v. Indiana Department of Correction, No. 49S02-0804-CV-166, __ N.E.2d __ (Ind. April 9, 2008), also decided today, we hold that the Three Strikes Law violates the Open Courts Clause of the Indiana Constitution. Higgason's claim may not be dismissed solely because of his earlier litigation.

Higgason claims he is entitled to money for photocopying costs because of a state-created right to gratuitous photocopies of legal pleadings. Specifically, Higgason cites Indiana Department of Correction policy 00-01-102, p. 6, § VII (9/1/2002 version). As explained in Higgason v. Indiana Department of Correction, No. 46S04-0804-CV-167, __ N.E.2d __ (Ind. April 9, 2008), also decided today, this claim should be dismissed under the Frivolous Claim Law as a claim upon which relief may not be granted. I.C. § 34-58-1-2(a)(2). We note that Higgason maintains the right to file a written grievance with the Department of Correction concerning the alleged violations of this policy. 210 Ind. Admin. Code 3-1-15(h) (2004); Ind. Code § 11-11-1-2 (2004).

## Conclusion

The order dismissing Higgason's claim under the Three Strikes Law is reversed. This case is remanded to the trial court with instructions to dismiss the claim under the Frivolous Claim Law.

Dickson and Rucker, JJ., concur.

---

If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34-58-1-2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35-41-1-25).

Higgason claims that the court should address his claim because he is in "immediate danger of serious bodily injury." However, Higgason's only claim for relief is for fees for photocopying, and not relief from alleged abuse or relief from future harm. This quoted allegation is an exception from the Three Strikes Law, which we have held is invalid. It adds nothing to his claim for copying costs.

Shepard, C.J., concurs in result.

Sullivan, J., concurs in result believing that Ind. Code § 34-58-2-1 is constitutional as applied to Higgason but that the claim is subject to dismissal under Ind. Code § 34-58-1-2 in any event.