**Eric D. SMITH, Appellant–Plaintiff,**

v.

**Jeff WRIGLEY and David L. Ittenbach, Appellees– Defendants.**

No. 33A05–0903–CV–156.

Court of Appeals of Indiana.

June 25, 2009.

---

Eric D. Smith, New Castle, Indiana, Appellant pro se.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Plaintiff, Eric D. Smith (Smith), an inmate at the New Castle Correctional Facility, appeals the dismissal of his 42 U.S.C. § 1983 action against Jeff Wrigley (Wrigley), the superintendent of that facility, and David Ittenbach (Ittenbach), the grievance executive assistant at the facility.

We reverse.

## ISSUE

Smith presents two issues for our review, one of which we find to be dispositive and restate as: Whether the trial court erred in dismissing Smith's complaint as frivolous under Indiana's Frivolous Claim Law, Ind.Code § 34–58–1–2.

## FACTS AND PROCEDURAL HISTORY

On February 13, 2009, Smith filed a Complaint for Declaratory and Injunctive Relief against Wrigley and Ittenbach. Smith filed his complaint pursuant to 42 U.S.C. § 1983, claiming, in part, a deprivation of his rights under the Eighth Amendment to the United States Constitution. Specifically, he alleged that the showers he uses have no knobs to control the temperature of the water, that Department of Correction (DOC) personnel have the ability to control the temperature of the water, and that "staff plays with the shower water temperature by making the water scolding [sic] hot—so hot that it will burn you and you cannot stand under the water. Other times, they might make the water so cold that it keeps you from standing under the water. Either way, you cannot shower." (Appellant's App. p. 7). Smith claimed:

> The abuse of the showers makes showering painful or unbearable, depending on the temperature, and the showers are done like this in order to dissuade and discourage Smith and other prisoners from showering. Staff does this because they are so lazy that they don't want to run showers, and others get a sadistic pleasure off of what they are doing.

(Appellant's App. p. 8). Smith also alleged that he broke his ankle during recreation time, that he is forced to wear ankle shackles whenever he is taken out of his cell, and that the shackles cause him "severe pain." (Appellant's App. p. 11). Smith contends that the DOC personnel's actions with regard to the shower temperature and the ankle shackles constitute cruel and unusual punishment in violation of the Eighth Amendment.[1]

Upon receiving Smith's complaint, the trial court conducted the review required by Indiana Code sections 34–58–1–1 and –2. The trial court dismissed Smith's complaint in an order that provided, in pertinent part, as follows:

> In this case, the Plaintiff claims that he is being harassed by the Facility Superintendent and other personnel through a lack of individual controls on the showers in order to adjust the temperature of his shower. Additionally, he claims that his constitutional rights are being violated by the use of shackles when he leaves his cell. The complaint establishes that Plaintiff is in a segregation unit. His supplemental material shows that all persons in the unit are subject to the same procedures and the actions are not being applied to him alone[.] Examining the Plaintiff's twelve (12) page complaint as a whole, the Court comes to the conclusion that his claim is frivolous with it having been made primarily to harass the Defendants and lacks an arguable basis either in law or fact. As such, the claim should be dismissed.

(Notice of Non–Involvement of the Indiana Attorney General, Exhibit A).[2] Smith

---

**1.** Before filing suit, Smith had made the same allegations in grievances to the DOC. Ittenbach took no action on the claims and suggested that Smith take them to court. When Smith did go to court, he claimed, in addition to his Eighth Amendment claims, that the defendants violated his right to due process under the Fourteenth Amendment to the United States Constitution by ignoring his grievances. That claim consisted primarily of broad legal conclusions and was properly dismissed by the trial court.

**2.** Smith did not include the trial court's order in his brief or his Appendix as required by

then filed a motion for relief from judgment, which the trial court denied.

Smith now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Under Indiana Code section 34–58–1–1, when an offender files a complaint or petition in an Indiana state court, the court is to docket the case and take no further action until the court has conducted the review required by Indiana Code section 34–58–1–2. In turn, Indiana Code section 34–58–1–2 provides, in pertinent part:

(a) A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

(1) is frivolous;

(2) is not a claim upon which relief may be granted; or

(3) seeks monetary relief from a defendant who is immune from liability for such relief.

(b) A claim is frivolous under subsection (a)(1) if the claim:

(1) is made primarily to harass a person; or

(2) lacks an arguable basis in:

(A) law; or

(B) fact.

In dismissing Smith's complaint, the trial court found Smith's claims to be frivolous on all three grounds listed in the statute, that is, that they were made primarily to harass the defendants, that they lack an arguable basis in law, and that they lack an arguable basis in fact. Because Indiana's appellate courts have not yet

examined the scope of the word "frivolous" in the Frivolous Claim Law, we do so here.

Indiana's Frivolous Claim Law, which was adopted in 2004, is substantially similar to, and appears to be modeled after, two federal statutes. Originally enacted in 1892, the federal *in forma pauperis* statute presently provides, in pertinent part, that a court shall dismiss a case filed *in forma pauperis* at any time if the court determines that the action or appeal (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief 28 U.S.C. § 1915(e)(2)(B). In 1996, Congress enacted the Prison Litigation Reform Act (PLRA), which amended § 1915 and created 28 U.S.C. § 1915A. § 1915A provides, in relevant part:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Discussing what constitutes a "frivolous" claim for purposes of 28 U.S.C. § 1915, the United States Supreme Court stated that a complaint is frivolous "where it lacks an arguable basis either in law or in fact."

Appellate Rules 46 and 50. However, because the trial court dismissed Smith's complaint at the screening stage, the State was

never served with the complaint and has filed a Notice of Non–Involvement, and it included the trial court's order in this Notice.

*Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). That is, the term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* As such, "the statute accords judges not only the authority to dismiss a claim based on an indisputably merit less legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. 1827. In short, the Court has distinguished between claims that are legally frivolous and those that are factually frivolous. An example of a legally frivolous claim is a claim of "infringement of a legal interest which clearly does not exist." *Id.* Examples of factually frivolous claims are those "describing fantastic or delusional scenarios." *Id.* at 328, 109 S.Ct. 1827.

Three years later, in *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), the Court further examined what it means for a claim to be factually frivolous. Recalling the use of the words "fanciful," "fantastic," and "delusional" in *Neitzke,* the Court held that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* at 33, 112 S.Ct. 1728. However, dismissal for factual frivolousness is not proper "simply because the court finds the plaintiff's allegations unlikely." *Id.* Quoting Lord Byron, the *Denton* Court stated: "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.' " *Id.* In other words, the frivolousness determination under the federal statutes, "frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact finding process for the resolution of disputed facts." *Id.* at 32, 112 S.Ct. 1728. And while the court is not required, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of an *in forma pauperis* plaintiff's allegations, the initial assessment of the plaintiff's factual allegations must be weighted in favor of the plaintiff. *Id.* Finally, because trial courts are "all too familiar" with factually frivolous claims, they are in the best position to determine which cases fall into this category, and dismissals for factual frivolousness are reviewed for an abuse of discretion. *Id.* at 33, 112 S.Ct. 1728.

 Because Indiana's Frivolous Claim Law tracks the federal statutes, as well as the United States Supreme Court's interpretation of the word "frivolous" in those statutes, we adopt that interpretation. Applying that interpretation to Smith's complaint, we cannot say that it is either legally or factually frivolous. To reiterate, the Court described a legally frivolous claim as one that relies upon an "inarguable legal conclusion" or an "indisputably merit less legal theory." *Neitzke,* 490 U.S. at 325, 327, 109 S.Ct. 1827. Here, Smith claimed that DOC staff have control over the temperature of the water in the prison showers and that they have at times made it "scolding [sic] hot—so hot that it will burn you[.]" (Appellant's App. p. 7). He also claimed that he broke his ankle during recreation time and that the shackles that he is forced to wear when he is taken out of his cell cause him "severe pain." (Appellant's App. p. 11). Smith contends that these actions violate his Eighth Amendment right to be free from cruel and unusual punishment. Certainly this is a valid legal theory and conclusion,

even if it is eventually determined that the facts alleged by Smith are false.[3]

Moreover, Smith's claims do not meet the United States Supreme Court's standard for factual frivolousness. In *Neitzke,* the Court held that a court may dismiss a claim as factually frivolous *only if* the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," or "delusional." 490 U.S. at 325, 327–28, 109 S.Ct. 1827. In *Denton,* the Court stated that these words suggest that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* at 33, 112 S.Ct. 1728. Smith, however, alleges specific behavior by DOC staff that is allegedly causing him specific injuries. *Cf. Smith v. Donahue,* 907 N.E.2d 553 (Ind. Ct.App., 2009) (affirming dismissal of complaint in which Smith alleged no operative facts and made only broad legal conclusions). While Smith's complaint might turn out to be baseless, it is not clearly baseless on its face. To borrow from one current United States Supreme Court justice, Smith's complaint does not include claims about little green men, his recent trip to Pluto, or his experiences in time travel. *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1959, 173 L.Ed.2d 868 (2009) (Souter, J., dissenting).

■ Given Smith's penchant for litigation, we acknowledge the very real possibility that his claims in this case are com-

pletely false or at least exaggerations of the truth. He has more than fifty cause numbers listed under his name on our Online Docket, and he has no doubt filed other suits that have not made it onto our docket, at least not yet. His lawsuits have included allegations regarding a "painful odor" in a DOC facility · and the lack of televisions in a segregation unit. In one suit, Smith claimed an "inalienable right" to Rogaine. *See* "Prisoner Lawsuits Costly to State" (available at *http://www.wthr.com/Global/story.asp?s=5097630* ) (last accessed June 1, 2009). Defendants in Smith's suits include the Chief Justices of the United States and the Indiana Supreme Courts. At this point, there is little reason to believe anything that Smith says or writes. The trial judge in this case knows this as well as anyone; as he noted in his order dismissing Smith's complaint, Smith has filed more than one case per month in Henry Superior Court I alone since being transferred to New Castle Correctional Facility on July 3, 2008. Nonetheless, as the United States Supreme Court stated in *Denton,* a complaint should not be dismissed as frivolous "simply because the court finds the plaintiff's allegations unlikely." 504 U.S. at 33, 112 S.Ct. 1728. In sum, we cannot say that Smith's complaint lacks an arguable basis in law or in fact as defined by the United States Supreme Court.

■ Of course, Indiana's Frivolous Claim Law includes in its definition of "frivolous" a third category of claims:

---

**3.** In its order dismissing Smith's complaint, the trial court did not address Smith's most serious allegations. The court's order states that "the Plaintiff claims that he is being harassed by the Facility Superintendent and other personnel through a lack of individual controls on the showers in order to adjust the temperature of his shower," but it says nothing about Smith's claim that DOC staff are intentionally making the shower so hot that it would burn a person's skin. *See* Notice of Non–Involvement of the Indiana Attorney General, Exhibit A. Likewise, while the order states that Smith "claims that his constitutional rights are being violated by the use of shackles when he leaves his cell," it says nothing about his broken ankle and the pain that the shackles allegedly cause him. *Id.* We understand the trial court's frustration with Smith, but Smith's most pertinent allegations cannot be disregarded simply to make his cases go away.

those that are "made primarily to harass a person." I.C. § 34–58–1–2(b)(*l*). We have no doubt that Smith files most of his complaints, possibly including this one, primarily to harass the defendants and/or the courts. In some cases, this will be clear from the face of the complaint, *e.g.,* the Rogaine case. Prisoners have no right to be provided with Rogaine, and any lawsuit claiming such a right is clearly frivolous. However, in other cases, such as this one, the face of the complaint will state a valid legal theory, and a court would not know whether Smith's claims were made to harass a person until the case is more fully developed. In those cases, dismissal at the screening stage would not be, and *could* not be, based on anything more than the speculation of the trial court judge. In our system, cases cannot be resolved based on speculation.

Put bluntly, we cannot endorse a system in which Eric Smith's complaints are dismissed merely because they were filed by Eric Smith. This would be the equivalent of shutting the courthouse doors altogether. Indiana's Three Strikes Law did the same thing to Smith, and last year, our supreme court found that law to be unconstitutional. *See Smith v. Ind. Dep't of Corr.,* 883 N.E.2d 802 (Ind.2008). The court held that, under the Indiana Constitution, "an individualized assessment of each claim is required, and a claim cannot be dismissed on the basis of who presents it rather than whether it has merit." *Id.* at 806; *see also Jones v. Bock,* 549 U.S. 199, 203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law.").

Finally, we pause to clarify that it is not our holding that all prisoner complaints must be allowed to proceed past the pleading phase. Complaints that are facially frivolous, *e.g.,* those that reference little green men or a constitutional right to Rogaine, can still be summarily dismissed at the screening stage. In the meantime, we urge our legislature to consider some of the steps taken by other states in an attempt to lessen the burden of merit less offender litigation, several of which our supreme court cited in its *Smith* opinion last year. 883 N.E.2d at 808–09. Likewise, as noted by our supreme court, federal courts have upheld the PLRA, which does not prevent inmates from pursuing claims but merely requires that they pay the filing fee. *Id.* at 809.

### CONCLUSION

Based on the foregoing, we conclude that the trial court erred by dismissing Smith's complaint as frivolous under Indiana Code section 34–58–1–2.

Reversed.

KIRSCH, J., and MATHIAS, J., concur.