Eric D. SMITH, Appellant/Plaintiff,

v.

Jeff WRIGLEY and Lt. Gard, Appellees/Defendants.

No. 33A04–0912–CV–727.

Court of Appeals of Indiana.

April 14, 2010.

Eric D. Smith, Westville, IN, Appellant Pro Se.

## OPINION

CRONE, Judge.

Prison inmate Eric D. Smith appeals a trial court order denying his motion for waiver of filing fees in connection with his complaint against prison superintendent Jeff Wrigley and Lt. Gard. The sole issue for review is whether the statute requiring him to pay filing fees violates Article 1, Sections 12 and 23 of the Indiana Constitution. We affirm.

Smith is an inmate at the New Castle Correctional Facility, serving a twenty-year sentence for arson. On November 4, 2009, he filed a motion for waiver of fees required under Indiana Code Section 34–10–1–3[1] to file his civil complaint against certain prison officials. As part of his motion, he requested that the trial court declare the fee statute unconstitutional. On November 10, 2009, the trial court denied his motion and ordered the clerk not to process his cause until he paid the appropriate costs in full. Smith now appeals the dismissal of his complaint.[2]

---

1. Indiana Code Section 34–10–1–3 provides:

   If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition as an indigent person under this chapter, unless a court determines the offender is in immediate danger of serious bodily injury.

   The trial court specifically found that Smith had filed three civil actions determined to be frivolous pursuant to Indiana Code Section 34–58–1–2: "Smith v. John Roberts, Chief Justice of the United States Supreme Court, 33D01–0903PL–0005; Smith v. Randall T. Shepard, The General Assembly, and Doe Defendants, 46D01–0809–CT–0119; [and] Smith ve [sic] Huckins, et al[.], 46D03–0511–MI–377." Appellant's App. at 16.

2. Because the trial court dismissed Smith's complaint after conducting its review, there is no respondent and therefore no appellee. As

Smith challenges the constitutionality of Indiana Code Section 34–10–1–3. The issue of whether a statute is unconstitutional is a question of law, which we review de novo. *Manigault v. State,* 881 N.E.2d 679, 687 (Ind.Ct.App.2008). "A statute is presumed constitutional until the party challenging its constitutionality clearly overcomes the presumption by a contrary showing." *Sims v. U.S. Fidelity & Guar. Co.,* 782 N.E.2d 345, 349 (Ind.2003).

■ At the outset we note that Smith does not dispute the frivolity of his numerous prior claims; [3] he merely asserts that the fee requirement is unconstitutional. He challenges the fee statute on two different constitutional bases. First, he asserts that it violates Article 1, Section 12 of the Indiana Constitution. This section, known as the "Open Courts Clause," provides as follows:

> All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

Ind. Const. art. 1, § 12.

In addressing Smith's claim, we note that the General Assembly enacted Indiana Code Section 34–10–1–3 in 2009, after the Indiana Supreme Court struck down its predecessor as an unconstitutional violation of the Open Courts Clause. *Higgason v. Ind. Dep't of Correction,* 883 N.E.2d 814, 815–16 (Ind.2008). The pre-decessor statute,[4] known as the "Three Strikes Law," was deemed to sweep so broadly as to operate as "an indiscriminate statutory ban, not merely a condition to access to the courts." *Smith v. Ind. Dep't of Correction,* 883 N.E.2d 802, 809 (Ind. 2008). In *Smith,* the court specifically noted that the Open Courts Clause does not prevent the legislature from imposing conditions on the pursuit of a claim in court. *Id.* at 808. For example, "the legislature can … impose filing fees as conditions to be met before judicial relief is available." *Id.* The *Smith* court also referenced Section 101(a) of the Federal Prison Litigation Reform Act of 1995 ("PLRA"). 28 U.S.C. § 1915(g) (2000). Federal courts have upheld the PLRA provision denying a frequent filer inmate the ability to file in forma pauperis, finding that it does "not deprive inmates of adequate, effective, and meaningful access to the courts … because it does not prevent inmates from pursuing claims but merely requires that they pay the filing fee." *Smith,* 883 N.E.2d at 809 (citation and internal quotation marks omitted); *see also Smith v. Wrigley,* 908 N.E.2d 354, 360 (Ind.Ct.App. 2009) (noting our supreme court's recognition of federal court decisions upholding constitutionality of PLRA provision requiring filing fee).

Here, Smith points out that his prison account balance is at zero and that he owes the federal courts approximately $1500.00 in costs related to his federal court causes of action. Thus, he contends that, because

---

such, the Attorney General filed a notice of noninvolvement in this matter.

**3.** *See* Ind.Code § 34–58–1–2 (stating that a claim may not proceed if the court determines it is frivolous, i.e., made primarily to harass a person or lacking an arguable basis in either law or fact).

**4.** The Three Strikes Law provided:

> If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34–58–1–2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35–41–1–25).

Ind.Code § 34–58–2–1 (2004).

he has no money to pay filing fees, he has no access to our courts. In his brief, he asserts that prison officials refuse to give him jobs that could help put money in his account; however, this assertion lacks evidentiary support. Appellant's Br. at 2. To the extent he relies on his debt to the federal courts as support for his argument, we note that such debt is self-imposed and that the filing fee is not intended as a complete barrier to court access, and thus passes constitutional muster.

■ Smith also asserts that Indiana Code Section 34–10–1–3 violates Indiana's privileges and immunities clause, which provides: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. art. 1, § 23. First, we note that in 2006, Smith litigated this issue with regard to the more sweeping "Three Strikes Law," and we upheld the constitutionality of that statute as it pertained to the privileges and immunities clause. *Smith v. Ind. Dep't of Correction,* 853 N.E.2d 127, 135 (Ind.Ct.App.2006), *vacated on other grounds,* 883 N.E.2d 802 (Ind.2008). However, since our supreme court declared the predecessor statute unconstitutional, and the General Assembly replaced it with the fee statute that Smith now challenges, we will address the merits of his privileges and immunities claim.

In *Collins v. Day,* 644 N.E.2d 72 (Ind. 1994), our supreme court stated that

Article 1, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment [or burden imposed] must be uniformly applicable and equally available [or applied] to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

*Id.* at 80. Substantial deference requires the challenger to negate every reasonable basis for the classification. *Id.* at 81. "So long as the classification is based upon substantial distinctions with reference to the subject matter, we will not substitute our judgment for that of the legislature; nor will we inquire into the legislative motives prompting such classification." *Id.* at 80 (citation and quotation marks omitted).

Here, the challenged statute imposes upon offenders such as Smith the burden of paying filing fees. Smith claims that the statute discriminates against incarcerated plaintiffs because it does not impose filing fees on non-incarcerated plaintiffs who have filed three or more frivolous complaints. He claims that the disparate treatment is not reasonably related to inherent characteristics distinguishing the classes. We disagree. First, incarcerated plaintiffs are inherently distinct based on the fact that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Montgomery v. Ind. Dep't of Correction,* 794 N.E.2d 1124, 1127 (Ind.Ct.App.2003), *trans. denied, impliedly overruled on other grounds by Kimrey v. Donahue,* 861 N.E.2d 379 (Ind.Ct.App.2007). Moreover, it is widely recognized that our courts have been inundated with civil actions filed by incarcerated plaintiffs, many of which have been determined to be frivolous. *Smith,* 853 N.E.2d at 136 n. 3. In this vein, the State has a legitimate interest in preserving valuable judicial and administrative re-

sources. Finally, the filing fee requirement is equally applied to all incarcerated plaintiffs with a similar history of frivolous filings.

Here, Smith had filed more than fifty civil actions as of 2009. Some were determined to be meritorious and some were deemed frivolous, including "allegations regarding a 'painful odor' in a DOC facility and the lack of televisions in a segregation unit ... [and] one suit [in which he] claimed an 'inalienable right' to Rogaine. Defendants in Smith's suits include the Chief Justices of the United States and the Indiana Supreme Courts." *Smith,* 908 N.E.2d at 359. As previously discussed, the fee statute does not deny him access to the court; it merely conditions the access on his payment of a filing fee. To the extent any funds going into his account are unavailable to use for filing fees, we note that this is due to costs he owes the federal court for his previous filings. Having found that the filing fee requirement advances the State's legitimate interest of preservation of judicial resources and is applied to all similarly situated offenders with the requisite history of filing frivolous claims, we defer to legislative discretion in requiring such plaintiffs to prepay such fees. In sum, Smith has failed to demonstrate that Indiana Code Section 34–10–1–3 is unconstitutional. Accordingly, we affirm.

Affirmed.

BAKER, C.J., and DARDEN, J., concur.