**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 28 2013, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RICKY OUTLAW**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RICKY OUTLAW, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )   No.  48A02-1210-CT-889 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, KEITH BUTTS, RICK | ) |
| TALLEY, BRUCE LEMON, and | ) |
| ALAN FINNAN, | ) |
| | ) |
| Appellees-Respondent. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis Carroll, Judge
Cause No. 48C06-1202-CT-24

**March 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

### Case Summary and Issues

Ricky Outlaw appeals from the trial court's order dismissing the negligence complaint he filed against the Indiana Department of Corrections and Commissioner Bruce Lemmon, Superintendent Alan Finnan, and Ricky Talley, in their individual and official capacities (collectively, the "Defendants"). Outlaw raises the following issues: 1) whether the trial court erred when it did not specify the reasons for dismissing his complaint in its order, and 2) whether the trial court erred in dismissing his complaint for failure to state a claim upon which relief can be granted. Concluding that the trial court did not err when it did not specify its reasons for dismissal and that Outlaw has waived the issue regarding his negligence complaint, we affirm.

### Facts and Procedural History

Outlaw is an inmate at Pendleton Correctional Facility. In the civil complaint filed against Defendants, he alleged that he was injured in 2010 as a result of falling against sheets of metal that had been left with sharp edges exposed. He claimed that his injuries were a result of the gross negligence of the Defendants. In response to his complaint, the Defendants filed a motion to dismiss under Indiana Trial Rule 12(B)(6), arguing that the complaint failed to state a claim upon which relief could be granted because the Defendants were entitled to immunity and because Outlaw failed to establish that the Defendants owed him a duty, breached that duty, or that the alleged breach was the proximate cause of the injury. The trial court granted the Defendants' motion to dismiss and dismissed the case with prejudice. Outlaw now appeals.

2

## I. Order of Dismissal

Outlaw first contends that the trial court erred when it did not state in its order of dismissal why it was dismissing his complaint. He points to Indiana Code section 34-58-1-3, which requires an order: "(1) explaining why the claim may not proceed; and (2) stating whether there are any remaining claims in the complaint or petition that may proceed" if a court determines that a claim may not proceed under Indiana Code section 34-58-1-2, also known as the "Frivolous Claim Law."[1] The Frivolous Claim Law states, in part, the following:

(a)     A court shall review a complaint or petition filed by an offender and shall determine if the claim may proceed. A claim may not proceed if the court determines that the claim:

    (1)     is frivolous;

    (2)     is not a claim upon which relief may be granted; or

    (3)     seeks monetary relief from a defendant who is immune from liability for such relief.

Ind. Code § 34-58-1-2(a). It is unclear whether Outlaw's complaint was screened by the trial court as it should have been under the Frivolous Claim Law. However, the court issued a summons to the Defendants after Outlaw's complaint was filed. When a complaint is dismissed under the Frivolous Claim law, it is dismissed prior to the issuance of a summons.

---

[1] The State incorrectly refers to this law as the Three Strikes Law in its brief. The Three Strikes Law was declared unconstitutional by our supreme court in Smith v. Ind. Dep't of Corr., 883 N.E.2d 802, 805-06 (Ind. 2008).

See Smith v. Wrigley, 908 N.E.2d 354, 357 (Ind. Ct. App. 2009) ("when an offender files a complaint or petition in an Indiana state court, the court is to docket the case and take no further action until the court has conducted the review required by" the Frivolous Claim Law). Further, after the summons was issued, the Defendants filed a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6). The trial court stated the following upon dismissing the case: "This matter being under advisement on Defendants' Motion to Dismiss and the Court being duly advised now sustains said motion. This cause is dismissed with prejudice." Appellant's Appendix at 7. Thus, it is clear that the complaint was dismissed pursuant to a motion brought under Trial Rule 12(B)(6), which does not require an order setting forth the reasons for dismissal. Therefore, the trial court did not err when it did not specify its reasons for sustaining the motion to dismiss.[2] We note, however, that the trial court should not have stated it was dismissing the case with prejudice, because a pleading may be amended once as of right within ten days after a dismissal under Trial Rule 12(B)(6).

## II.    Negligence Complaint

Outlaw also contends that his negligence complaint sufficiently stated a claim upon which relief could be granted. The State argues that Outlaw has waived this issue because he has not presented a cogent argument on appeal. We agree with the State.

We note at the outset the general rule that pro se litigants are held to the same standard as attorneys and must comply with the appellate rules to have their appeal decided on the

---

[2] And even if the trial court had dismissed the case under the Frivolous Claim Law without explaining why the claim could not proceed, this error does not necessarily warrant reversal because we review the dismissal of an offender's complaint under the Frivolous Claim Law de novo. See Smith v. Huckins, 850

merits. <u>Smith v. State</u>, 822 N.E.2d 193, 203 (Ind. Ct. App. 2005), <u>trans. denied</u>. Outlaw's argument with regards to his negligence complaint is very short, mostly reiterates the conclusory claims he originally made in his complaint, and only includes one citation to authority. A party waives an issue for appellate review if he or she fails to develop a cogent argument or provide adequate citation to authority and portions of the record. <u>Id.</u> at 202-03; <u>see</u> <u>also</u> Ind. Appellate Rule 46(A)(8)(a) (requiring that contentions in appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal). Therefore, Outlaw has waived this issue by failing to develop a cogent argument and provide adequate citation to authority.

## Conclusion

The trial court did not err by not explaining why Outlaw's complaint could not proceed in its order. Further, the issue of whether Outlaw's negligence complaint stated a claim upon which relief could be granted is waived due to his failure to make a cogent argument on appeal. We therefore affirm the trial court's order of dismissal.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.