IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2022

## MICHAEL HALLIBURTON v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 20-844-IV      Russell T. Perkins, Chancellor**

_____

### No. M2020-01657-COA-R3-CV

_____

This appeal concerns the Open Courts Clause of the Tennessee Constitution. Michael Halliburton ("Halliburton"), an inmate, filed a petition for common law writ of certiorari in the Chancery Court for Davidson County ("the Trial Court") against the Tennessee Board of Parole ("the Board") seeking judicial review of his March 10, 2020 parole proceedings before the Board. The Trial Court dismissed Halliburton's petition. In so doing, the Trial Court relied on Tenn. Code Ann. § 41-21-812, which provides that "on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full." This Court affirmed, holding in part that Halliburton waived his issue of whether Tenn. Code Ann. § 41-21-812 violates the Open Courts Clause in Article I, Section 17 of the Tennessee Constitution. However, the Tennessee Supreme Court found that Halliburton sufficiently raised the issue in his answer to the Board's motion to dismiss. Our Supreme Court granted Halliburton's application for permission to appeal, and remanded for this Court to consider his Open Courts issue.[1] We hold, *inter alia*, that Tenn. Code Ann. § 41-21-812 places a constitutionally permissible limitation on the right of inmates to file civil actions. The statute does not permanently bar inmates from seeking redress; it simply requires they pay outstanding fees first. Therefore, we hold that Tenn. Code Ann. § 41-21-812 does not violate the Open Courts Clause. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Michael Cory Halliburton, Hartsville, Tennessee, Pro Se.

---

[1] Per November 2021 order, the judges who served on the previous panel in this matter— J. Steven Stafford, Presiding Judge of the Western Section; Judge Andy D. Bennett; and Judge Thomas R. Frierson, II—have recused themselves on remand.

Herbert H. Slatery, III, Attorney General and Reporter, and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, the Tennessee Board of Parole.

## OPINION

## Background

This case returns to the Court of Appeals on remand from the Tennessee Supreme Court. In our previous opinion entered in this case, the following background facts were set out, as pertinent:

> Mr. Halliburton first became eligible for parole on March 13, 2018, but the Tennessee Board of Parole ("the Board") denied parole after a hearing. In 2020, he became eligible for parole a second time. The Board again denied parole after a hearing on March 10, 2020. Mr. Halliburton appealed the second denial to the Board but was denied relief. Having exhausted his administrative remedies, Mr. Halliburton filed a petition for common law writ of certiorari in the Chancery Court for Davidson County on August 21, 2020, asserting that the Board violated his procedural due process rights in several ways. With his petition, he filed a motion and supporting affidavit requesting permission to proceed *in forma pauperis*. Additionally, he filed an affidavit pursuant to the requirements of Tenn. Code Ann. § 41-21-805, setting forth all of the previous lawsuits he had filed.

> On October 22, 2020, the Board filed a motion to dismiss pursuant to Tenn. Code Ann. § 41-21-812, asserting that Mr. Halliburton's petition should be dismissed because he had "outstanding costs from prior litigation." Relying on a declaration from the deputy clerk for the Tennessee Supreme Court, the Board asserted that Mr. Halliburton owed $163.75 from a prior case against the Board of Professional Responsibility and $163.75 from a prior case against the Board of Judicial Conduct. The chancery court granted the motion to dismiss after concluding that Tenn. Code Ann. § 41-21-812 prohibited Mr. Halliburton from filing the petition because he had a total of $327.50 in unpaid court costs. Mr. Halliburton timely appealed.

*Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-COA-R3-CV, 2021 WL 2827329, at *1 (Tenn. Ct. App. July 7, 2021), *R. 11 perm. app. granted Nov. 19, 2021* ("*Halliburton 1*"). In *Halliburton 1*, this Court held as follows: (1) that the trial court did not err in dismissing Halliburton's petition pursuant to Tenn. Code Ann. § 41-21-812 even though Halliburton asserted his outstanding court costs were paid in full prior to the trial court

entering its order of dismissal; (2) with respect to Halliburton's argument that Tenn. Code Ann. § 41-21-812 was unconstitutional as applied in his case, Halliburton was not denied due process; and (3) that Halliburton waived, by failure to raise the issue below, his issue of whether the trial court's dismissal of his case pursuant to Tenn. Code Ann. § 41-21-812 violated his right of access to the courts under the Open Courts Clause in Article I, Section 17 of the Tennessee Constitution.

In September 2021, Halliburton filed pursuant to Tenn. R. App. P. 11 an application for permission to appeal to the Tennessee Supreme Court. In November 2021, the Tennessee Supreme Court entered an order granting Halliburton's application for permission to appeal and remanding the case for the Court of Appeals to consider Halliburton's Open Courts argument. Our Supreme Court found that Halliburton had sufficiently raised his Open Courts issue in his answer to the Board's motion to dismiss. The Tennessee Supreme Court instructed this Court as follows:

> [U]pon consideration of the application for permission to appeal of Mr. Halliburton and the record before us, the application is granted and the case is remanded to the Court of Appeals to consider Mr. Halliburton's argument that Tennessee Code Annotated section 41-21-812 violates the open courts clause in article I, section 17 of the Tennessee Constitution.

In keeping with the Tennessee Supreme Court's instructions, we proceed to consider Halliburton's Open Courts argument.

## Discussion

When reviewing the constitutionality of a statute, we must indulge every presumption and resolve every doubt in favor of the constitutionality of that statute. *Vogel v. Wells Fargo Guard Servs.*, 937 S.W.2d 856, 858 (Tenn. 1996); *Petition of Burson*, 909 S.W.2d 768, 775 (Tenn. 1995). Our Supreme Court has stated that when bringing a facial challenge to the validity of a statute, "the challenger must establish that no set of circumstances exists under which the statute, as written, would be valid." *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009) (citations omitted). The constitutional provision at issue is the Open Courts Clause found at Article I, Section 17 of the Tennessee Constitution, which states:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

Tenn. Code Ann. § 41-21-812, which Halliburton argues violates the Open Courts Clause, provides:

(a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full.

(b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

Tenn. Code Ann. § 41-21-812 (2019).

In *Clifton v. Carpenter*, 775 F.3d 760, 767-68 (6th Cir. 2014), a habeas case regarding the revocation of parole as opposed to the denial of parole, the United States Court of Appeals for the Sixth Circuit found Tenn. Code Ann. § 41-21-812 unconstitutional as applied. However, in *Hughes v. Tenn. Bd. of Prob. & Parole*, 514 S.W.3d 707 (Tenn. 2017), the Tennessee Supreme Court distinguished *Clifton*.[2] Our Supreme Court stated:

The Sixth Circuit has recently addressed the constitutionality of section 41-21-812 in *Clifton v. Carpenter*, 775 F.3d 760, 762 (6th Cir. 2014), and concluded that the statute was unconstitutional as applied in that case. *Id*. at 768. In *Clifton*, the petitioner was a parolee whose parole was revoked by the parole board. *Id*. at 762. When the petitioner attempted to appeal this decision to the chancery court and the Tennessee Court of Appeals, the clerk's offices refused to file the petition because he owed $1,449.15 in prior court costs. *Id*. Recognizing that the petitioner had a liberty interest at stake in the revocation of parole and asserting that "[a]ccess to the courts cannot be contingent on wealth," the Sixth Circuit found section 41-21-812 unconstitutional as applied. *Id*. at 767-68. While informative, *Clifton* is not determinative of the case at bar. As the court in *Clifton* recognized, the petitioner in that case had a liberty interest at stake in the revocation of his parole. However, in this case, petitioner was already imprisoned and was requesting early release. "There is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Greenholtz v. Inmates of Neb. Penal & Corr.*

---

[2] Justices Cornelia A. Clark and Sharon G. Lee filed separate dissenting opinions in *Hughes*.

*Complex*, 442 U.S. 1, 9, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). While the revocation of parole involves the removal of a liberty interest, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id*. at 7, 99 S.Ct. 2100. Therefore, because different interests are at stake in this case than in *Clifton*, we conclude that *Clifton* is not controlling and proceed with a comprehensive analysis of petitioner's interests and rights pursuant to the United States and Tennessee Constitutions.

*Hughes*, 514 S.W.3d at 713 (footnote omitted). The *Hughes* Court then undertook an analysis of Tenn. Code Ann. § 41-21-812 through the prism of due process and equal protection principles. *Id*. at 714. With respect to the petitioner's argument that prior Tennessee Supreme Court decisions recognized a prisoner's constitutional right to institute and prosecute civil actions, the *Hughes* Court stated:

> We note that petitioner also cited to *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975), and *Logan v. Winstead*, 23 S.W.3d 297, 302 (Tenn. 2000), to assert that this court has stated that prisoners have a constitutional right to institute and prosecute a civil action. However, in *Whisnant*, that court stated:
>
>> [A] prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; *however, this is a qualified and restricted right.*
>
>> We quote with approval the following language from *Tabor v. Hardwick*, 224 F.2d 526 (5th Cir. 1955):
>
>>> (W)e think that the principle of the cases [relating to restraint of personal liberty] should not be extended to give them an absolute and unrestricted right to file any civil action they may desire. Otherwise, penitentiary wardens and the courts might be swamped with an endless number of unnecessary and even spurious lawsuits filed by inmates in remote jurisdictions in the hope of obtaining leave to appear at the hearing of any such case, with the consequent disruption of prison routine and concomitant hazard of escape from custody. As a matter of necessity, however regrettable the rule may be, it is well settled that, "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and

-5-

> rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356. 224 F.2d at 529.

*Whisnant*, 525 S.W.2d at 153 (emphasis added). *Logan* further limited *Whisnant* by holding that while prisoners have a constitutional right to initiate and prosecute civil actions, "they do not retain an absolute right to have civil litigation held in abeyance until they are released from custody, nor do they retain an absolute right to be present at each stage of the proceedings." *Logan*, 23 S.W.3d at 302. Similarly, while we agree that petitioner has a constitutional right to initiate a civil proceeding, this is a qualified and limited right, which does not allow petitioner to file any civil action he desires irrespective of financial obligations and outstanding fees.

*Hughes*, 514 S.W.3d at 714 n.9.

The *Hughes* Court, applying rational basis review, determined that Tenn. Code Ann. § 41-21-812 does not offend principles of equal protection.[3] *Id*. at 723. The *Hughes* Court concluded:

> In this case, petitioner had a hearing before the Tennessee Board of Probation and Parole that was not contingent upon his ability to pay any filing fees and also had the ability to appeal the board's decision within their internal system. He took advantage of the board's appellate process, and his appeal was denied by letter because the board stated, "Upon reviewing the board file and audio recording of the hearing, your allegations of misconduct and significant procedural error(s) by the Hearings Official were not

---

[3] The rational basis test was discussed thusly:

> When applying the rational basis test, we have observed that state legislatures have the initial discretion to determine what is "different" and what is "the same" and that they are given considerable latitude in making those determinations. *See* [*State v.*] *Robinson*, 29 S.W.3d at [476,] 480 [(Tenn. 2000)] (citing *Tenn. Small Sch. Sys.* [*v. McWherter*], 851 S.W.2d [139] at 153 [(Tenn. 1993)]). Our inquiry into legislative choice usually is limited to whether the challenged classifications have a reasonable relationship to a legitimate state interest. *See id*. We have held that under the rational basis test, a statute may discriminate in favor of a certain class, as long as the discrimination is founded upon a reasonable distinction or difference in state policy. *See Castlewood, Inc. v. Anderson County*, 969 S.W.2d 908, 910 (Tenn. 1998).

*Hughes*, 514 S.W.3d at 720 (quoting *Gallaher v. Elam*, 104 S.W.3d 455, 461 (Tenn. 2003)).

substantiated." Therefore, under the facts of this case, petitioner was not denied due process.

*Hughes*, 514 S.W.3d at 723-24. However, the *Hughes* Court declined to address the petitioner's argument concerning the Open Courts Clause of the Tennessee Constitution because he failed to raise the issue in his pro se application for permission to appeal. *Id*. at 724.

In *Fowler v. Morristown-Hamblen Hosp. Assoc.*, No. E2018-00782-COA-R3-CV, 2019 WL 2571081 (Tenn. Ct. App. June 24, 2019), *no appl. perm. appeal filed*, a case featuring an as-applied challenge to the constitutionality of Tenn. Code Ann. § 1-3-119, this Court discussed the Open Courts Clause of the Tennessee Constitution. The appellants in *Fowler* asserted an implied private right of action under Tenn. Code Ann. § 68-11-262; for their part, the appellees in *Fowler* asserted Tenn. Code Ann. § 1-3-119—which precludes certain private rights of action—as a defense. *Id*. at *1-2. The appellants argued that Tenn. Code Ann. § 1-3-119 violated the Open Courts Clause of the Tennessee Constitution. *Id*. at *2. In addressing the appellants' argument, this Court reviewed Tennessee Open Courts jurisprudence as follows:

> Our Supreme Court has addressed the Open Courts Clause on numerous occasions. In *Scott v. Nashville Bridge Co.*, 143 Tenn. 86, 223 S.W. 844 (1919), the Court stated that the "provision of section 17 of article 1 of our State Constitution is a mandate to the judiciary, and was not intended as a limitation of the legislative branch of the government." 143 Tenn. at 117. Additionally, the Court in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn. 1978) further elaborated on this issue and stated that "[t]he constitutional guaranty providing for open courts and insuring a remedy for injuries does not guaranty a remedy for every species of injury, but applies only to such injuries as constitute violations of established law of which the courts can properly take cognizance." 549 S.W.2d at 827 (citing *Barnes v. Kyle*, 202 Tenn. 529, 535-536, 306 S.W.2d 1, 4 (1957) (internal quotations omitted)); *See also Harmon v. Angus R. Jessup Assocs., Inc.*, 619 S.W.2d 522, 524 (Tenn. 1981) (upholding the constitutionality of Tenn. Code Ann. §§ 28-3-201 through 205 and reiterating its analysis in *Harrison*), *Jones v. Five Star Eng'g, Inc.*, 717 S.W.2d 882, 882-8[3] (Tenn. 1986) (reaffirming its analysis in both *Harrison* and *Harmon*).

> In general, the General Assembly of Tennessee has broad powers to alter, amend, and abolish statutory and common law rights. *See, e.g., Mills v. Wong*, 155 S.W.3d 916, 922-23 (Tenn. Ct. App. 2005); *see also Nichols v. Benco Plastics, Inc.*, 225 Tenn. 334, 469 S.W.2d 135 (1971). Additionally,

the legislature has the broad authority to determine which rights are personal in nature and enforceable through a private cause of action. *See generally Smith v. Pratt*, No. M2008-01540-COA-R9-CV, 2009 WL 1086953 at *5-6 (Tenn. Ct. App. Apr. 22, 2009), *Brumit v. Summar*, No. 01A01-9703-CV-00109, 1997 WL 764496 at *2 (Tenn. Ct. App. Dec. 12, 1997).

*Fowler*, 2019 WL 2571081, at *4. In *Fowler*, we "maintain[ed] that the Open Courts Clause is a mandate solely to the judiciary to provide remedies to properly recognized causes of actions." *Id.* at *5. Ultimately, we concluded that the trial court correctly held that Tenn. Code Ann. § 1-3-119 was not unconstitutional. *Id.*[4]

Tennessee is not the only state with an open courts clause in its constitution. For example, in *Smith v. Wrigley*, 925 N.E.2d 747 (Ind. Ct. App. 2010), the Court of Appeals of Indiana addressed whether a statute requiring an inmate to pay filing fees violated Article 1, Sections 12 and 23 of the Indiana Constitution.[5] Concluding that the law at issue passed constitutional muster for open courts purposes, the Indiana Court of Appeals held, as relevant:

> In addressing Smith's claim, we note that the General Assembly enacted Indiana Code Section 34-10-1-3 in 2009, after the Indiana Supreme Court struck down its predecessor as an unconstitutional violation of the Open Courts Clause. *Higgason v. Ind. Dep't of Correction*, 883 N.E.2d 814, 815-16 (Ind. 2008). The predecessor statute,[6] known as the "Three Strikes Law," was deemed to sweep so broadly as to operate as "an indiscriminate statutory ban, not merely a condition to access to the courts." *Smith v. Ind.*

---

[4] In *Fowler*, we observed that the appellants relied in part on a law review article authored by former Justice William C. Koch, Jr.— *Reopening Tennessee's Open Courts Clause: A Historical Reconsideration of Article I, Section 17 of the Tennessee Constitution*, 27 U. Mem. L. Rev. 333 (1997). In the article, which explores the Open Courts Clause from its early articulation in Magna Carta up through the 20th century, Justice Koch advocated a more robust interpretation of the Open Courts Clause of the Tennessee Constitution than that prevailing in our state's modern jurisprudence on the subject.

[5] Article 1, Section 12 of the Indiana Constitution provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

[6] The Three Strikes Law provided:

> If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34-58-1-2, the offender may not file a new complaint or petition unless a court determines that the offender is in immediate danger of serious bodily injury (as defined in IC 35-41-1-25).

Ind. Code § 34-58-2-1 (2004).

*Dep't of Correction*, 883 N.E.2d 802, 809 (Ind. 2008). In *Smith*, the court specifically noted that the Open Courts Clause does not prevent the legislature from imposing conditions on the pursuit of a claim in court. *Id.* at 808. For example, "the legislature can ... impose filing fees as conditions to be met before judicial relief is available." *Id.* The *Smith* court also referenced Section 101(a) of the Federal Prison Litigation Reform Act of 1995 ("PLRA"). 28 U.S.C. § 1915(g) (2000). Federal courts have upheld the PLRA provision denying a frequent filer inmate the ability to file in forma pauperis, finding that it does "not deprive inmates of adequate, effective, and meaningful access to the courts ... because it does not prevent inmates from pursuing claims but merely requires that they pay the filing fee." *Smith*, 883 N.E.2d at 809 (citation and internal quotation marks omitted); *see also Smith v. Wrigley*, 908 N.E.2d 354, 360 (Ind. Ct. App. 2009) (noting our supreme court's recognition of federal court decisions upholding constitutionality of PLRA provision requiring filing fee).

Here, Smith points out that his prison account balance is at zero and that he owes the federal courts approximately $1500.00 in costs related to his federal court causes of action. Thus, he contends that, because he has no money to pay filing fees, he has no access to our courts. In his brief, he asserts that prison officials refuse to give him jobs that could help put money in his account; however, this assertion lacks evidentiary support. Appellant's Br. at 2. To the extent he relies on his debt to the federal courts as support for his argument, we note that such debt is self-imposed and that the filing fee is not intended as a complete barrier to court access, and thus passes constitutional muster.

*Smith*, 925 N.E.2d at 749-50 (Footnote in original but renumbered).

In his brief, Halliburton makes a number of arguments in support of his contention that Tenn. Code Ann. § 41-21-812 is unconstitutional, to wit: that access to the courts is a fundamental right notwithstanding the *Hughes* case and its denial should be reviewed under strict scrutiny; that the statute cannot survive either strict scrutiny or rational basis review; that the statute's notice requirement cannot be fulfilled as written; and that operation of the statute obstructs access to the courts. He also raises Tenn. Const. Art. XI, § 2, which provides: "Nothing contained in this Constitution shall impair the validity of any debts or contracts, or affect any rights of property or any suits, actions, rights of action or other proceedings in Courts of Justice." Halliburton concludes by stating that "TCA § 41-21-812(a) is not simply a problem of interpretation or misapplication—the statute is an affront to the Tennessee Constitution and a gross injustice to petitioners with meritorious cases." In response, the Board argues that *Hughes* controls and is dispositive of the matter. The

Board cites the following language from *Hughes* concluding that Tenn. Code Ann. § 41-21-812 passes rational basis review:

> The Tennessee court system incurs operating costs when enabling indigent inmate litigation. The state has a legitimate interest in reducing these costs and in reducing the amount of meritless inmate litigation….[S]ection 41-21-812 is rationally related to the state's interest. The constitutional requirement of rationality is satisfied, and Tennessee Code Annotated section 41-21-812 does not offend principles of equal protection.

*Hughes*, 514 S.W.3d at 723. The Board is correct that we are bound by the *Hughes* decision. However, in *Hughes*, the Tennessee Supreme Court found that the petitioner waived his Open Courts Clause argument, so that issue went unaddressed on its merits.

The Tennessee Supreme Court has recognized a legitimate state interest in reducing frivolous lawsuits filed by inmates and held that Tenn. Code Ann. § 41-21-812 is rationally related to that interest. *Hughes*, 514 S.W.3d at 723. Halliburton points out, correctly, that Tenn. Code Ann. § 41-21-812 does not distinguish between meritorious lawsuits and frivolous ones. Indeed, one implication of Tenn. Code Ann. § 41-21-812 is a scenario whereby an inmate is unable to file a meritorious lawsuit because his or her outstanding fees are not paid in full.[7] Nevertheless, our Supreme Court in *Hughes* explained that "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" 514 S.W.3d at 714 n.9 (quoting *Whisnant v. Byrd*, 525 S.W.2d 152, 153 (Tenn. 1975)). Our Supreme Court stated further that while the petitioner, a prisoner, had "a constitutional right to initiate a civil proceeding," this was a "qualified and limited right, which does not allow petitioner to file any civil action he desires irrespective of financial obligations and outstanding fees." *Hughes*, 514 S.W.3d at 714 n.9. While the Tennessee Supreme Court made this statement in the context of its due process and equal protection analysis, it has equal application to our analysis under the Open Courts Clause. To the extent Halliburton argues there is no legitimate distinction to be drawn between a lawfully incarcerated litigant and a non-incarcerated litigant for purposes of the right to file civil actions, his argument is contrary to our Supreme Court's position articulated in *Hughes*. With respect to our duty to abide by higher court precedents, we have stated:

> [I]ntermediate courts are not free to depart from the Tennessee Supreme Court's unequivocal holdings. "The Court of Appeals has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 221

---

[7] An exception exists, however, under Tenn. Code Ann. § 41-21-812(b) for inmates filing for injunctive relief seeking to enjoin an act or failure to act creating a substantial threat of irreparable injury or serious physical harm to the inmate.

Tenn. 567, 572, 428 S.W.2d 786, 789 (Tenn. 1968) (citing *City of Memphis v. Overton*, 54 Tenn.App., 419, 392 S.W.2d 86 (Tenn. 1964)); *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). As such, "[o]nce the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts." *Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009) (quoting *Davis v. Davis*, No. M2003-02312-COA-R3-CV, 2004 WL 2296507, at *6 (Tenn. Ct. App. Oct. 12, 2004)); *see also Thompson v. State*, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997) ("[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process.") (quoting *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995)); *Levitan v. Banniza*, 34 Tenn.App. 176, 185, 236 S.W.2d 90, 95 (Tenn. Ct. App. 1950) ("This court is bound by the decisions of the Supreme Court.")

*O'Dneal v. Baptist Mem'l Hosp.-Tipton*, 556 S.W.3d 759, 772-73 (Tenn. Ct. App. 2018).

Notwithstanding the foregoing regarding the limitations and qualifications on the right of prisoners to file civil actions, we are mindful that the Open Courts Clause states, seemingly unequivocally, that "all courts shall be open…." Tenn. Const. Art. I, § 17. However, Tenn. Code Ann. § 41-21-812 does not create a permanent barrier to inmates filing civil actions. An inmate can pay his or her outstanding fees and proceed with filing a lawsuit. If the inmate has no outstanding fees to begin with, the statute presents no hurdle. The courts remain open to inmates wishing to file civil actions, subject to a constitutionally permissible limitation in the form of a statutory requirement that inmates pay their outstanding fees in full. We, therefore, hold that Tenn. Code Ann. § 41-21-812 does not violate the Open Courts Clause of Article I, Section 17 of the Tennessee Constitution. We affirm the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Michael Cory Halliburton, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE